## CONNARD v. COLGAN.

1. **Evidence**: COMPETENCY OF: DECLARATIONS.  The declarations of a mortgagor and others held incompetent to establish the want of consideration for a bond and mortgage.
2. **Mortgage**: DELIVERY: FILING FOR RECORD.  The filing of a mortgage with the recorder by the mortgagor, to be recorded when he received the consideration therefor, was held to constitute a delivery, the mortgage being afterward recorded.

*Appeal from Monroe District Court.*

FRIDAY, MARCH 25.

THIS action is brought to recover the amount of a bond executed by the defendant to the plaintiff for $500, with interest at the rate of nine per cent, payable semi-annually,

and to foreclose a mortgage executed to secure said bond. The defendant answered, alleging that the bond and mortgage were procured by fraud, and are without consideration. The cause was tried to the court, and a decree was entered dismissing the plaintiff's petition. The plaintiff appeals. The facts are stated in the opinion.

*Leggett & McKemey*, for appellant.

*Perry & Townsend*, for appellee.

DAY, J.—The undisputed facts in this case are as follows: Fuller & Hill were dealers in real estate, loans and western securities at Fairfield, Iowa. Howard Darlington was a broker in the city of Philadelphia. Prior to January, 1878, Fuller & Hill had been negotiating with Darlington for a loan from Connard to one Parsons. On the 23d day of January, 1878, Fuller & Hill advised Darlington by letter that Parsons would not complete the loan, and forwarded an application of Thomas Colgan, the defendant, for a loan of $1,500, asking if Connard would take this loan, agreeing that the date might be made the same as the loan they were negotiating for Parsons, so that interest would be recovered for the time the money lay idle, and requesting a reply by telegram. On the 28th day of January Darlington telegraphed Fuller & Hill that Connard would make the loan. On the same day Darlington wrote Fuller & Hill to the same effect, and enclosed a bond and mortgage for execution. At the solicitation of Fuller & Hill Colgan executed a bond for $1,500, payable to Rees Connard, and dated as of January 1, 1878. The bond contains the following recital: "This bond is secured by a certain mortgage deed, of even date herewith, made by said Thomas Colgan to Rees Connard, which is duly recorded upon the records of Monroe county." The defendant also executed a mortgage to secure the bond, bearing the same date. On the 30th of January Fuller & Hill forwarded the bond to Darlington, and drew upon him a sight draft for

the amount of the loan, less his commission of three per cent. The bond was received about the 2d of February and turned over to Connard, who paid to Darlington the whole amount of $1,500 thereon, and Darlington paid Fuller & Hill's draft for $1,455. When Connard accepted the bond he asked where the mortgage was, and was told by Darlington that it had to be recorded, and that he expected it on in a few days. The defendant took the mortgage to the recorder's office, and gave directions to file it, but not to record it until he got his money. The mortgage is marked "filed for record February 26, 1878," and was duly recorded. Afterward Colgan ob-tained the mortgage from the recorder. The mortgage never came into the actual possession of the plaintiff.

I. The defendant sets up in his answer that he never received any money on the bond. The bond imports a con-

1. EVIDENCE: competency of declarations.

sideration, and the burden of proving a failure of consideration is upon the defendant. That the plaintiff paid the whole amount of the loan to Darlington is fully established by the evidence. It further clearly appears that Darlington paid Fuller & Hill's draft for the amount of the loan, less his commission of three per cent. The money came into the possession of Fuller & Hill. If the defendant never received it, it must have been embezzled by Fuller & Hill. The defendant was not present at the trial, and did not testify. There is something mysterious in his absence from the trial and his failure to testify as to the receipt of the money. His attorney testifies: "I don't know where Thomas Colgan is. I supposed he was in this county until very recently. I began to inquire for him as court approached, and found he was absent. He may be working on the railroad between Knoxville and Des Moines. I hear he is in Kansas, but I don't know. He is out of this vicinity."

We feel constrained to hold that the defendant has not proved by competent testimony that he did not receive the money. Ramsey, the deputy recorder, testifies as follows:

"Thomas Colgan took the mortgage out of the office. John D. Roberts came in at the same time with him, I believe. This is the same transaction I spoke of before. I don't recollect that Roberts said anything to Colgan, but Colgan said something about his having failed in regard to that, or something to that effect, and Roberts spoke up and said the old man had not got all his money in this yet." The declarations of the defendant and Roberts are clearly incompetent against the plaintiff. Besides, the declaration of Roberts clearly implies that the defendant had received some of the money.

R. B. Townsend testifies as follows: "I was acquainted with J. D. Roberts, who was here in the winter of 1878. He was engaged in the loan agency and abstracting business. I was present and heard a conversation between Mr. Colgan and Roberts. Mr. Colgan called on me to go with him to see about getting his money, and we went to Roberts' office on two or three different occasions to get his money. Mr. Roberts said he was expecting to get the money from this firm, Fuller, Hill & Black, of Fairfield, but it hadn't come yet, and I presume we went three or four different times.

*Question.* Finally, what was the reason he didn't get his money?

*Answer.* He failed to get his money. Roberts went to Fairfield once for him. He said he didn't know why he acted that way; and I think Colgan went to Fairfield once. It was in the spring I went with Colgan to see Roberts. I could not tell the month. I remember, one evening, Colgan and I went to Roberts, and we went to the Cramer House, expecting one of this firm from Fairfield upon the train with the money, Roberts representing they would be up there. We saw none of the firm of Fuller, Hill & Black. I don't recollect seeing any of them. I recollect seeing letters from them in regard to sending the money to him. Roberts would say he received letters and expected the money in a few days, and so it continued on for perhaps three or four weeks, at different times." All this testimony was objected to by the

plaintiff. It is very evident that Townsend knows nothing about the matter except from declarations of Colgan and Roberts. The evidence is incompetent. The fact that defendant did not receive the money is not established by proper testimony.

II. The bond executed by the defendant recites that it is secured by a mortgage duly recorded. As the presumption 2. MORTGAGE: is that the defendant received the money, his delivery: filing for record. leaving the mortgage to be filed for record, and recorded when he received the money, constitutes a delivery of the mortgage. The fact that he subsequently obtained possession of it cannot defeat the plaintiff's interest in it.

III. One Matthew Ennis filed a petition of intervention claiming a judgment lien upon a portion of the property embraced in the mortgage. The defendant claims that the cause must be affirmed, because no notice of appeal was served upon Ennis. The record does not show that any action was taken upon the petition of intervention. A motion was filed to strike the petition from the files. This motion does not seem to have been acted upon, and it does not appear that any adjudication was had of the rights of the intervenor. The decree in this case will be without prejudice to the right of the intervenor to assert his claim in a separate action, if he be so advised.

REVERSED.