## BAYLISS v. MURRAY.

1. **Pleading**: REPLY NOT WARRANTED: MOTION TO STRIKE: ERROR WITHOUT PREJUDICE. A reply which is not warranted under Code, § 2665, but which is in substance only a reiteration of one of the material allegations of the petition, should be stricken out on motion, but, as it raises no new issue, a refusal to strike it out is not prejudicial error, and is therefore not reversible.

2. **Promissory Note**: DENIAL OF EXECUTION: EVIDENCE: OFFER OF PAYMENT. Where the person whose name was signed to a promissory note denied the execution of it, a letter written by him to the holder, offering to pay an amount which he admitted to be due on the note, was properly admitted against him to rebut his denial. Such a letter was not an offer to compromise, to be excluded under § 2900 of the Code.

3. ———: ———: RATIFICATION: EVIDENCE: INSTRUCTION. Where defendant denied the execution of the note, evidence that he had

admitted his liability upon it was sufficient to justify an instruction that he might have become liable by accepting and ratifying it.

4. **Instructions:** NOT RELEVANT TO ISSUES. An instruction not relevant to the issues, though correct as an abstract proposition of law, should not be given.

*Appeal from Buchanan Circuit Court.*

MONDAY, JUNE 21.

ACTION on a promissory note. Answer denying under oath the genuineness of defendant's signature to the note. Verdict and judgment for plaintiff. Defendant appeals.

*John J. Ney*, for appellant.

*C. E. Ransier*, for appellee.

REED, J.—I. Plaintiff filed a reply, in which it was alleged that the note sued on was given for the price of a

**1. PLEADING:** reaping-machine sold by plaintiff to defendant, reply not warranted: and that defendant's signature was signed to the motion to strike: error note by an agent who was authorized by him to without prejudice. execute the instrument in his name, and that he received and retained said machine. Defendant moved to strike the reply from the files on the ground that the matters therein alleged did not constitute a defense to the matter pleaded in the answer. The circuit court overruled the motion, and this ruling is assigned as error. Our statute (Code, § 2665) provides that "there shall be no reply except (1) where a counter-claim is alleged; or (2) when some matter is alleged in the answer to which plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer." The matters alleged in the reply are not in avoidance of the answer. The answer does not set up an affirmative defense. It simply puts in issue one of the material allegations of the petition. It amounts to no more than a denial of the averment that defendant executed

the promissory note described in the petition. While the reply is in effect a mere reiteration of the allegation that he did execute it, under the section quoted above this is not allowable in a reply. We are of the opinion, however, that defendant was not prejudiced by the refusal of the court to strike the reply from the files. No new issue was raised by that pleading, but every fact alleged in it could have been shown under the issue raised by the answer. The question which arose upon the petition and answer was not whether defendant had signed his name with his own hand to the instrument set out in the former pleading, but whether the execution of that instrument was his act, and that fact could be shown by proof that it was executed by his authority or under his direction.

II. Plaintiff offered in evidence a letter written to him by defendant, in which the latter claimed that he paid a portion of the amount of the note to an agent of

2. PROMIS-
SORY note:
denial of exe-
cution: evi-
dence: offer
of payment.

plaintiff, and in which he promised to pay the balance due thereon in a few months, and urged plaintiff not to institute suit against him. Defendant testified that this letter was written in answer to one which he received from plaintiff, in which he offered to remit a portion of the amount due on the note if defendant would pay the balance. Counsel for defendant moved to exclude the letter on the ground that it was written pending a proposition to compromise. This motion was overruled, and we think the ruling is correct. The letter was written long before the suit was instituted. The case is therefore not affected by section 2900 of the Code, which provides that offers of compromise made after the institution of the suit, and which have not been accepted, shall not be given in evidence on the trial. The general rule on the subject is that " offers or propositions between litigant parties, expressly stated to be made without prejudice, are excluded on grounds of public policy." 1 Greenl. Ev., § 192; *Marsh v. Gold*, 2 Pick., 290; *Gerrish v. Sweetser*, 4 Id., 374;

*Dickinson v. Dickinson,* 9 Metc., 471; *Murray v. Coster,* 4 Cow., 635. The letter in question is not within this rule. It contains a tacit admission that defendant was liable on the note, and an offer to pay the balance due thereon, after deducting the amount of the alleged payment. It was in no sense an offer to pay a sum of money to buy peace, but was an offer to pay an amount which was admitted to be due, and it contained no suggestion that the offer was confidential. It was clearly admissible in evidence against defendant.

III. Defendant testified that he neither signed the note himself nor authorized any other person to sign his name to it. His testimony, and the letter mentioned above, was all the evidence introduced on the trial. The circuit court instructed the jury that defendant might become liable upon the note by accepting and ratifying the act of the person who signed his name to it, even though that act was done without authority from him. The giving of this instruction is assigned as error. The objection urged against it is that it is not based on any evidence in the case. But we think the court was warranted in giving the instruction by the evidence contained in the letter before referred to. As stated above, the letter contained a tacit admission by defendant that he was liable upon the note. This admission surely affords some evidence that he had ratified and assented to the act of the person who signed his name to the instrument. The question of its sufficiency to establish such ratification was for the jury.

IV. Defendant testified that the note was given for a reaping-machine which was purchased by one Judge, and that he had subsequently sold the machine as agent for Judge, and paid over to him the proceeds derived from the sale, but that he never had any interest in it. His counsel asked the court to instruct the jury that the sale of the machine by him, and the payment of the claim against him for the price of the

machine, did not render him liable therefor. But the court refused to give such instructions. The instructions asked are probably correct as abstract propositions; but they do not appear to us to have any relevancy to the issues in the case. It does not appear that there was any effort to charge defendant with liability on the ground that he had sold the machine to Judge, and paid over the proceeds to him; but the effort was to charge him on the ground that he had ratified and assented to the execution of the note in his name. The court therefore properly refused the instruction, for the reason that it was not applicable to the issues as made by the pleadings.

V. It is urged that the verdict is not supported by the evidence; but, in our opinion, it finds sufficient support in the admission contained in said letter.

The judgment of the circuit court will be

AFFIRMED.