## REID, MURDOCK & FISHER v. ABERNETHY.

1. **Mortgage:** NEW NOTES GIVEN FOR SECURED DEBT. A real-estate mortgage continues to be a valid lien though the original notes secured thereby are defaced and new ones executed in their stead.

2. ——: DELIVERY: WHAT AMOUNTS TO. A mortgage may be deemed delivered and accepted when it is executed and filed for record by the mortgagors pursuant to an agreement with the mortgagee that it should be so executed and filed. (See opinion for citations.)

3. ——: TO CREDITOR'S WIFE: CONSIDERATION. A mortgage and notes made to a wife for a debt owing to the husband cannot, on that account, be set aside as fraudulent and without consideration by subsequent creditors of the mortgagors.

*Appeal from Winneshiek District Court.* — HON. CHARLES T. GRANGER, Judge.

FILED, MAY 15, 1889.

ACTION to set aside a mortgage from T. C. Johnson to the defendant. March 9, 1887, the plaintiffs commenced an action by attachment against J. H., T. C. and S. C. Johnson, co-partners, to recover on account. On the same day the attachment was levied upon the land in question, and afterwards, on the thirtieth day of August, 1887, judgment was entered in said action against the defendants therein for seventeen hundred and one dollars and costs, with order for the sale of the lands. On the twentieth day of January, 1882, T. C. Johnson, in whom the title to said lands was, duly executed and acknowledged a mortgage thereon to defendant, to secure the payment to her of four thousand dollars, with interest, according to four promissory notes for one thousand dollars each, payable January 1, 1884, 1885, 1886 and 1887, "of even date herewith," which mortgage was filed for record and recorded on the twenty-fifth day of January, 1882. The plaintiffs allege that said mortgage is fraudulent, void and without consideration ; that it was executed and accepted to defraud the existing and subsequent creditors of the maker thereof, and is held by defendant with that intent ; that, before extending the credit to said Johnsons on which said judgment was rendered, they were told by the Johnsons that they owed the defendant nothing ; that the defendant knew of said representations, and that they were made for the purpose of obtaining said credit; that the Johnsons are insolvent ; that the notes purporting to be secured by said mortgage are without consideration, and void, and were executed solely to defeat and defraud the creditors of the Johnsons ; that they were never signed or delivered until after plaintiffs' attachment was levied on the land ; wherefore they ask a decree declaring said mortgage null and void, and junior and inferior to their judgment. The defendant, answering, denies generally the allegations of the petition.

The case was submitted to the court, and decree rendered dismissing the plaintiffs' petition, and judgment against the plaintiffs for costs, from which they appeal. The further facts appear in the opinion.

*F. S. Burling* and *G. R. Willett*, for appellants.

*L. Bullis*, for appellee.

GIVEN, C. J.—I. The mortgage in question, having been executed and recorded long before the levying of the attachment, is prior in point of date. It is claimed by appellants that the mortgage and notes were not delivered to nor accepted by the defendant until after the levying of their attachment. The defendant and her husband, testifying in April, 1888, say that the defendant did not have the notes and mortgage at the time the assessor called in 1885, but each say that she had them since, three or four years prior to the time they were giving testimony. This shows a delivery long prior to the levying of plaintiffs' attachment. The defendant testified that the notes produced on the trial were not the original notes given with the mortgage; that the original notes had been written upon by the children, and were given up, and the notes produced were taken in lieu thereof. Mr. Roberts testified that he drew the notes produced on the trial at some time since June, 1886, as he knew from the fact of having changed the color of ink used in his bank at that date. We think it very clearly appears that the mortgage and original notes had been delivered to the defendant and accepted by her before the suing out of the plaintiffs' attachment. The fact that the notes originally given had been substituted by others for the same amount, and upon the same terms, would not affect the security.

*1. MORTGAGE: new notes given for secured debt.*

II. It also appears from the testimony that the mortgage in question was executed and placed of record in pursuance of a previous agreement on the part of T. C. Johnson to give his mortgage to the defendant on the land described

*2. ——: delivery: what amounts to.*

Reid, Murdock & Fisher v. Abernethy.

to secure four thousand dollars. We think, with such agreement, the mortgage may be deemed delivered and accepted when filed for record. *Day v. Griffith*, 15 Iowa, 104; *Deere v. Nelson*, 73 Iowa, 187.

III. It does not appear when the indebtedness of the Johnsons to the plaintiffs accrued, nor is it material, as the plaintiffs have failed to sustain their allegation that they were told by the Johnsons that they owed the defendant nothing, and that the defendant knew of such representations, and that they were made to obtain credit.

IV. The consideration for the notes and mortgage was an indebtedness from the Johnsons to Alexander Abernethy, plaintiff's husband. It is not a question of Alexander Abernethy's right to transfer the indebtedness to his wife, either with or without consideration, but whether there was an indebtedness from the Johnsons to him for which the notes and mortgage were given. While the transaction out of which the indebtedness is claimed to have arisen seems to be very poorly remembered, yet we think, upon the whole testimony, the preponderance is in favor of the conclusion that the Johnson brothers were indebted to Alexander Abernethy in the full sum of four thousand dollars, and that this mortgage was given in good faith, to secure that sum, and was given to the defendant because of an unwillingness on the part of her brothers to settle with Mr. Abernethy in any other way. We think the decree of the district court is fully sustained by the evidence, and it is therefore

AFFIRMED.

3. ——: to creditor's wife: consideration.