100    611
101    663
100    611
106    207
100    611
121    461
100    611
137    118

JOHN W. KASSING v. W. W. ORDWAY, Intervener, Appellant.

**Purging Usury.** The parties to a usurious note indorsed upon it that a stated sum had been paid for all usurious interest in that and another note. It was testified that this was done to purge usury. *Held*, it was error not to charge that usury might thus be purged.

INTEREST: *Usury—change of statute.* In an action on a note made before the passage of Acts, 1890, reducing the legal rate of interest, an instruction which permitted the inference that the note would draw only the reduced rate, after the passage of the act, was erroneous.

USURY: *Jury question.* Where a person buys a machine, and sells it to another at an advanced price, and takes his note for it, it is a question for the jury whether the transaction was a device to cover usury.

**Offer to Compromise:** JURY QUESTION: *Evidence.* A conversation admitted in evidence, should not be withdrawn from the jury on the ground that it was in the nature of an offer to compromise, although the testimony of some of the witnesses shows that it was a mere offer to compromise, where the testimony of others shows that it contained unqualified admissions of indebtedness by the debtor, without anything to indicate that it was an offer to compromise.

**Intervention:** TRANSFER TO EQUITY. A motion by the intervener to transfer the cause to the equity docket for trial, is properly denied where the action was properly commenced at law, and the relief asked by plaintiff was within the jurisdiction of the court of law, only part of the relief asked by intervener is of an equitable character, and where the transfer would delay the main action.

**Appeal:** TRANSCRIPT: *Certification—Bill of exceptions.* The evidence will not be stricken from the record, on appeal, on the ground that the official shorthand reporter's transcript of the shorthand notes was not duly authenticated, where an amendment to the abstract shows that a sufficient bill of exception, was properly filed, and that the translation of the shorthand notes was duly certified within the time allowed by law.

*Appeal from Monona District Court.*—HON. A. VAN
WAGENEN, Judge.

## FRIDAY, JANUARY 22, 1897.

ACTION at law commenced against the defendants,
Walters Bros., to recover an amount alleged to be due
from them for corn sold and delivered. The defend-
ants admitted the purchase of the corn, and that pay-
ment for it had not been made, but alleged that the
corn was raised by plaintiff on land he had leased from
W. W. Ordway, and that Ordway had a landlord's lien on
the corn for unpaid rent, and, in addition, a chattel
mortgage, which was also unpaid. They averred that
they were unable to determine who was entitled to
the purchase price, and paid it into court for the party
who should be found to be entitled to it. Ordway
intervened, and pleaded various claims against the
plaintiff, and a right to the proceeds of the corn.
There was a trial by jury, and a verdict and judgment
in favor of the intervener, and also in favor of the
school fund of Monona county. The intervener
appeals. No question was made in regard to the lia-
bility of the defendants.—*Reversed.*·

*Charles Mackenzie, Mackenzie & Dewey,* and *T. B.
Lutz* for appellant.

*McMillan & Kindall* for appellees.

ROBINSON, J.—The intervener seeks to recover of
the plaintiff the amount of five promissory notes made
by him, and the value of eighteen and one-half acres
of plowing which it is alleged he agreed, but failed, to
do. One of the notes is for two hundred and forty
dollars, and was given as rent for land which the
intervener leased to the plaintiff for the season of

1893.   Another of the notes is for one hundred and ten dollars, another for two hundred and forty dollars, and another for ten dollars.   These three notes were secured by a chattel mortgage on the interest of the plaintiff in the crops grown under the lease, and the first two were also secured by a mortgage on stock and other personal property.   The fifth note was for thirty dollars, and was secured by a chattel mortgage on two hundred bushels of corn grown under the lease.   The intervener demands judgment against the plaintiff for the amount of the claims mentioned, and asks that a landlord's lien be established against the corn grown under the lease, including that sold to the defendants, and that his three mortgages be foreclosed. In answer to the petition of intervention, the plaintiff pleads various defenses, which need not be set out at length.   The jury found the sum of two hundred and eighteen dollars and thirty-one cents due to the intervener, that certain of the notes in suit were usurious, and that the school fund was entitled to recover of the plaintiff the sum of eighty dollars and thirty-six cents.   Judgment was rendered accordingly.   This is the second submission of this cause in this court. An opinion was filed on the first submission, a re-hearing was ordered, and the cause is again submitted for our consideration.   Our examination of the case has been made unnecessarily difficult by the presentation in argument of a large number of trivial questions which only tended to obscure those which were controlling.

I.   The appellee has asked to have the evidence stricken from the record on the ground that the official shorthand reporter's transcript of the shorthand notes was not duly authenticated.   Amendments to the abstract show a sufficient bill of exceptions properly filed, and that the translaion of the shorthand notes was duly certified within

the time required for the filing of such translations in actions at law. The request to strike the evidence will, therefore, be denied.

II. After the issues were settled and before the jury was called, the intervener filed a motion to transfer the cause to the equity docket for trial. The motion was overruled. It was renewed after the trial had been commenced, and was again overruled. We are of the opinion that these rulings were correct. The action was properly commenced at law, and the relief asked by the plaintiff was within the jurisdiction of a court of law. Only a part of the relief asked by the intervener was of an equitable character, and, had he been a defendant, he would not have been entitled to have the entire cause transferred to the equity docket. To have transferred a part of the issues to that docket would have caused delay in the trial, and an intervener has no right to a change in the proceedings which would cause delay.

III. The plaintiff and intervener had a conversation in the Castana Bank in regard to the amount the former was owing the latter, and several witnesses testified in regard to what was then said by the plaintiff. The court withdrew that conversation from the consideration of the jury, on the ground that it was in the nature of an offer to compromise. But the intervener claims that it included admissions of facts made by the plaintiff which should have been considered by the jury, and the examination of the case which we have now made leads us to conclude that the claim is well founded. The plaintiff testified in regard to an attempted settlement with the intervener as follows: "Dr. Ordway and I went to the bank, and I told him there that I would give him $414.96. I told him that was more than I owed him, but that I would give him that much to settle with him." That statement, considered alone, was

merely an offer of compromise, and other statements made by the plaintiff were of the same character. But the intervener testified that the plaintiff said, in regard to paying the amount he owed: "I will give $450 or $460," without indicating that it was an offer of compromise; also, that "he told me that the four hundred and sixty or ninety dollars—something, whatever it was —was all that he owed me. He did not tell me he offered it to me to avoid suit." A bystander who heard the conversation, says the plaintiff stated that he had had his indebtedness computed, and found that he owed Ordway "four hundred and some dollars. He said he would make a tender of it, and that is all he could get, or all he owed him." The witness added: "I forget just the language." Other statements were made during the conversation which tended to show that the plaintiff was owing Ordway more than four hundred dollars. Some of the statements we have set out are in the nature of unqualified admissions of indebtedness to the amount of more than the sum last named, and were not mere offers to compromise. We conclude, therefore, that they were competent evidence for the intervener, and that the court erred in excluding them. *Bayliss v. Murray*, 69 Iowa, 292 (28 N. W. Rep. 604); 1 Greenleaf, Ev., section 192. The truth involved in the conflict between the testimony of the plaintiff, to the effect that his statements were merely offers to compromise, and that on the part of the intervener, that they were unqualified admissions of indebtedness to an amount stated, was for the jury to determine.

IV. The notes for one hundred and ten dollars and two hundred and forty dollars, secured by chattel mortgage, were given for borrowed money, and, as originally made, were usurious. On the back of the note for two hundred and forty dollars is the following indorsement: "Received the interest in full, as payment for all usurious interest

on this and another note for $110.00, and interest in full until Dec. 23, 1891, and extend time of payment till December 23, 1891. The above is in full payment for all usurious interest on this and another note. W. W. Ordway. J. W. Kassing." The intervener testifies, in harmony with the indorsement, that it was made, and credit given, to purge the two notes of all usury. We do not understand that the plaintiff denies signing the indorsement, nor that it was made for the purpose stated by the intervener. A usurious contract may be purged of usury by the parties to it, and, if the claims of the intervener in regard to the two notes last described are true, they are not now usurious. *Bank v. Eyre,* 52 Iowa, 117 (2 N. W. Rep. 995). That theory of the case should have been presented by the charge to the jury. The two notes, by their terms, bore interest at the rate of ten per cent. per annum, and, if purged of usury, would bear that rate of interest until paid, for the reason that, when they were made, the law of this state permitted the making of contracts for that rate of interest, and the notes were not affected by the statute of the Twenty-third General Assembly, enacted in the year 1890, which made contracts for a rate of interest higher than eight per cent. usurious. The court instructed the jury in regard to the change in the statute respecting usury, but in such terms that the jury may have inferred that the notes made before the change, which provided for the payment of interest at the rate of ten per cent. before the change, would only bear interest at the rate of eight per cent. after the change took effect. To that extent, the charge was erroneous.

V. It is claimed by the intervener that there is no usury in either the thirty dollar or ten dollar note. Whether that is true depends upon the facts which the evidence establishes. The note first mentioned

was given for an agricultural implement known as a "lister," which was purchased for the plaintiff. The intervener claims, in effect, that he purchased it for twenty-five dollars, and sold it to the plaintiff for thirty dollars, taking the note in payment. If that was true, the note was not usurious; but, if the transaction on the part of the intervener was a mere loan of money to the plaintiff, it was usurious. The ten dollar note was given, for an extension of time on money due the intervener, and whether it was usurious depends upon the rate of interest which the debts extended bore; and that is a proper matter to be submitted to a jury.

VI.   We have considered all the questions in the case which, in view of the conclusions reached, appear to be of sufficient importance to make their determination necessary on this appeal. Numerous other questions are referred to in argument, but they depend upon methods of trial and evidence given, and are not likely to arise on another trial. For the errors pointed out, the judgment of the district court is REVERSED.