## G. K. BOWERS, Appellant, v. K. J. HANNA.

**Evidence:** ADMISSION. *Compromise.* Admissions expressly stated to
2   be made without prejudice for the purpose of effecting a compromise of a matter in controversy are not admissible in evidence against the objection of the one making them.

**Instructions on Warranty.** An instruction to the jury to find for the
3   defendant on one count of his answer, if they find that a horse purchased by him from plaintiff was not "reasonably suited for breeding purposes," and for plaintiff if the horse was "reasonably suited" for such purposes, is not objectionable on the ground that the warranty of the horse set up in such count was that it was "suitable" for breeding purposes.

**Presumptions for Court Below.** Where the abstract does not purport
1   to set out all the evidence, it will be presumed, in support of rulings excluding evidence of statements made by defendant, on apt objections, that there was evidence that they were made for the purpose of compromise, only.

*Appeal from Winnebago District Court.*—HON. PORTER
W. BURR, Judge.

SATURDAY, APRIL 10, 1897.

ACTION at law to recover an amount alleged to be due on a promissory note, and for money received for the plaintiff, and unpaid. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*A. C. Ripley* and *Geo. D. Peters* for appellant.

*C. H. Kelley* and *C. L. Nelson* for appellee.

ROBINSON, J.—The plaintiff seeks to recover on a promissory note for the sum of four hundred and thirty-nine dollars and fifty-seven cents, given to him by the defendant on the twenty-first day of April, 1894, and payable in December of the same year.

The plaintiff also asks judgment for sixteen dollars and twenty cents, alleged to be due him from the defendant for money collected for the services of a stallion owned by them, rendered in the year 1893. The defendant admits the making of the note in suit, but avers that it was made in renewal of two other notes, for the aggregate sum of five hundred dollars, which was given for a half interest in the stallion; that, when the renewal note was given, the defendant expressly stated, that he had a claim against the plaintiff on account of the false and fraudulent representations made by him to induce the defendant to purchase the interest stated; and that the claim was expressly reserved for future adjustment. In the second part of the answer are set out four counter-claims, in as many sub-divisions, styled "counts." In the third of these, the defendant alleges purchase of the interest he acquired in the horse; that the horse was designed for breeding purposes; that the plaintiff knew that fact, and represented, guaranteed, and warranted that the horse was suitable for that purpose, but that the horse was, in fact, practically worthless for breeding, or any other purpose. The plaintiff admits, that the note in suit was given in renewal of two given for an interest in the stallion, and that the stallion was designed for breeding purposes. But the plaintiff denies that he represented or warranted the stallion, as alleged, and denies that, when the note in suit was given, the defendant represented that he had a claim against the plaintiff, which was reserved for future adjustment. He also pleads settlements in April, 1893, and in April, 1894. The verdict and judgment were for the sum of one hundred and twenty-eight dollars and sixty cents, besides costs.

I. Evidence was introduced on the trial tending to sustain and also to rebut the claims of the defendant in regard to the representations and warranty

alleged to have been made to induce a sale of the interest purchased by the defendant, and the damages sustained. The plaintiff then showed that he and a witness named Colby stopped one night with the defendant, and, while there, a conversation was had between the plaintiff and the defendant in regard to the horse. It is shown that they attempted to settle their differences at that time. Colby testifies that he heard a conversation between the parties, and that they attempted to settle. He was then asked, "What did he say?" and "Did Mr. Hanna say anything in regard to feeding the horse?" We understand that both questions referred to the defendant. Objections to them, on the ground that they were immaterial and incompetent, were sustained. The plaintiff also testified in regard to the conversation and attempted settlement, and that he talked with the defendant in regard to exercising the horse. The plaintiff was then asked, "What did he say?" but an objection, on the ground that it was incompetent, was sustained. The abstract does not set out all of the evidence, but states that what was given tended to sustain or rebut certain issues. The questions set out do not relate to the settlements pleaded in the reply, but to a conversation had in January, 1895. So far as we can determine from the record submitted to us, the questions did not relate to any material issue in the case, and the plaintiff could not have been prejudiced by the exclusion of the answers to them. But the ruling of the court may be sustained on another ground. It is well settled that a mere offer to compromise is not an admission of liability. *Mundhenk v. Railroad Co.*, 57 Iowa, 721 (11 N. W. Rep. 656); *Bayliss v. Murray*, 69 Iowa, 292 (28 N. W. Rep. 604). Admissions expressly stated to be made without prejudice for the purpose of effecting a compromise of a matter

in controversy, cannot be received in evidence against
the objection of the person who made them.   1 Green-
leaf, Ev., section 192; 1 Am. & Eng. Enc. Law (2d Ed.),
714.   Unqualified admissions are sometimes made in
the course of an attempt to settle a dispute which may
be shown, notwithstanding the objection of the person
who made them.   *Kassing v. Ordway*, 100 Iowa, 611 (69
N. W. Rep. 1014).   But the abstract does not purport
to set out all the evidence given in regard to the con-
versation in question; and, in this condition of the
record, we must presume, in support of the ruling of
the trial court, that there was evidence which showed
that the statements called for by the questions were
made for the purpose of a compromise only.

II.   The district court charged the jury as fol-
lows:   "(2) In reference to the issues presented by the
third count of the second division of the answer, you
are instructed that if you find from the weight of the
evidence introduced upon the trial that, at the time
of the purchase of the interest of the horse in question,
the said horse was not reasonably well suited for breed-
ing purposes, then you shall find for the defendant on
the issues presented by the court; but, if he was reason-
ably well suited for the purpose of use for breeding,
the defendant cannot recover on this count."
The appellant claims that this was erroneous,
"because the defendant was claiming on an
express warranty, and the case was tried upon that
theory, and such instructions could only be proper
under the theory and claim of an implied warranty,
if at all."   The part of the answer referred to in the
portion of the charge quoted, states that the defendant
purchased an interest in the horse to use him for
breeding purposes, and that at that time the plaintiff
knew that fact, and "represented, warranted, and guar-
antied that said horse was suitable for the purpose for
which purchased; that said horse was not suitable for

breeding purposes, and was practically worthless for breeding purposes." We are of the opinion that the objection of the plaintiff is hypercritical—without substantial merit. The warranty set out in the answer is that the horse "was suitable" for "breeding purposes," while the charge required the jury to find for the defendant if the horse "was not reasonably well suited for breeding purposes." Certainly the horse was not "suitable" for the purposes stated if he was not "reasonably well suited" for them. If there was any difference between the degree of proof required to sustain the warranty set out in the answer and that necessary under the charge to authorize a finding for the plaintiff, the difference was in his favor. The words "suitable" and "suited" are used in the answer and in the charge to express the same meaning, and it certainly required as much evidence to show that the horse was absolutely suited for the purposes intended (that is, that he was unconditionally capable of suiting) as was required to show that he was merely reasonably well suited for the purpose. Therefore the plaintiff could not have been prejudiced by the paragraph of the charge set out, even if it was not technically correct; and we have no occasion to determine whether the express warranty pleaded, excluded an implied warranty, or whether this case in that respect was within the rule announced in *Blackmore v. Fairbanks, Morse & Co.*, 79 Iowa, 288 (44 N. W. Rep. 548.) We do not find any ground for disturbing the judgment of the district court, and it is AFFIRMED.