C. O. FREEL v. C. C. HARKEN and MRS. C. C. HARKEN. Appellants.

**Contracts:** PERSONAL SERVICES: EVIDENCE. Where one contracts to have work done at his own expense the law implies a promise to pay, unless it is shown that the same was to be performed without any intention of accepting payment. In the instant case the evidence is held to require the submission of the questions of promise to pay and intent to demand payment.

**Same:** EVIDENCE. In this action, upon an account for services, evidence that plaintiff told defendant before commencement of suit that his account would not have been as large had defendant not testified as he did in another action was an admission, which should have been received over an objection that it occurred during an attempt at a compromise and settlement.

*Appeal from Clarke District Court.*—HON. THOMAS L. MAXWELL, Judge.

TUESDAY, APRIL 9, 1912.

SUIT on an account.    Judgment for plaintiff.    De-
fendants appeal.—*Reversed.*

*O. M. Slaymaker,* for appellants.

*V. R. McGinnis* and *J. S. Banker,* for appellee.

SHERWIN, J.—The plaintiff sued on an account for
services as a physician, and the defendants denied the ex-
tent and value of his services, and counterclaimed for work,
labor, and material furnished him at his request.    The
plaintiff's claim was for about $120 balance and interest,
and the defendants' counterclaims amounted to $55.    After
the defendants' evidence on the counterclaims had been re-
ceived, the court sustained plaintiff's motion to withdraw
the counterclaims from the consideration of the jury, be-
cause it conclusively appeared that the work done by the
defendants for the plaintiff, and the material furnished by
him in connection with the work, had been done and fur-
nished without expectation of pay therefor.    We think the
court was in error in so holding.    There was sufficient evi-
dence to sustain the appellants' claim that the plaintiff had
agreed to have this work done by somebody and to pay
for it, and it is undisputed that the defendant C. C.
Harken did a part of the work himself, and had the rest
done by his father, all with the knowledge and consent of
the plaintiff.    The reasonable value of the work so done,
and of the material used in doing the work, were also
shown.    The defendant C. C. Harken testified in chief
that he did the work and furnished the material under
the contract with the plaintiff that it should be done at
plaintiff's expense, but, on his cross-examination, the fol-
lowing questions were asked him and were answered as
herein shown:   "Q. You didn't expect to put that bill in?

A. No, sir; if Dr. Freel hadn't raised his. Q. You never expected to get anything for this bill until Dr. Freel put this bill in? A. In all probability I would never have put it in. Q. It wasn't expected of Dr. Freel? You didn't expect anything? A. Yes, sir; I would have to pay. Q. It wasn't expected that Dr. Freel would pay you? A. Yes, sir; it was expected of Dr. Freel." The work done by the defendant's father was done at defendant's in- stance, and his bill therefor was assigned to defendant. This cross-examination of the defendant will bear the con- struction that when the defendant performed the work and furnished the material therefor, as shown, he did expect Dr. Freel to pay for it, but that he also had in mind that he might, or might not, insist upon payment therefor, de- pending on the charges made against him by the plaintiff.

A contract had been made whereby the plaintiff under- took to have the work done at his expense, and this contract would not have been necessary if the defendant had con-

1. CONTRACTS: personal ser- vices: evi- dence.

templated doing the work himself, without expense to the plaintiff, and, under the cir- cumstances, an implied promise to pay the defendant would arise. Of course, if he had even then gone on with the work without any intention of receiving or accepting pay therefor, he has no case on his counter- claim. But we are of the opinion that the question should have been left to the jury to determine, because of the fact that the real intent of the defendant when he per- formed the work was not so clearly shown as to justify the court's action.

The defendant, before this suit, had sent an offer to the plaintiff of $40 in settlement of his bill, which offer was refused. In the conversation at that time between the

2. SAME: evi- dence.

plaintiff and the defendants' representative, plaintiff was told that the defendant thought his bill should not be over $35 or $40, to which the plain- tiff replied that it would not have been "much more than

that, if any, if it hadn't been for the way Clayton swore and talked in the Busserman case." This evidence was stricken on plaintiff's motion on the ground that it occurred during an attempt to compromise. While this matter is probably not of great importance, it should be settled for the benefit of the parties on a retrial of the case, if they should insist on such trial. There is nothing in the statute which would require the exclusion of this evidence, for, as we understand the record, this conversation occurred before this suit was brought, and, unless controlled by statute, the general rule is that offers of compromise are not competent against the person making the offer. We know of no rule excluding statements in the nature of admissions of fact where they are made by the party rejecting the offer. 1 Greenleaf on Evidence (13th Ed.), section 192; *Rudd v. Dewey,* 121 Iowa, 454; *Kassing v. Ordway,* 100 Iowa, 611.

We think the evidence was competent. For the reasons pointed out, the judgment is *reversed.*