J. B. MORTON, Appellee, v. J. H. WOODS, Appellant.

**Brokers:** RECOVERY OF COMMISSION: REMEDY. A broker who negotiates an exchange of property under an agreement that his commission shall be endorsed upon his note held by the owner of the property can not maintain an action against the owner to recover the commission independent of the note, even though the holder refused to endorse the same upon the note and denies the agreement; as his sole remedy in the absence of a transfer of the note to an innocent purchaser is by way of defense to a collection of the note.

**Same:** PLEADINGS: MATTERS OF EVIDENCE: MOTION TO STRIKE. The defendant's answer in this action alleged that he made the exchange of his property relying upon the false and fraudulent representations of the broker as to the character and value of the land which he received, and in his reply the plaintiff alleged that defendant had sold the property so received in exchange for more than the value of that which he originally owned and there was no evidence tending to support the reply except that defendant had traded the land to another, no price being mentioned. *Held,* that such allegations of the reply should have been stricken on motion.

*Appeal from Polk District Court.* —HON. HUGH BRENNAN, Judge.

THURSDAY, APRIL 4, 1912.

ACTION at law to recover agents commissions on sale of real estate. Verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*O. M. Brockett,* for appellant.

*John McLennan* and *H. O. Parsons,* for appellee.

WEAVER, J.—The plaintiff is a real estate agent, doing business at Newton, Iowa. He alleges that in February, 1909, the defendant, being the owner of certain realty, in the town of Packwood, Iowa, solicited plaintiff to negotiate for him a trade or exchange of said property, and that thereafter plaintiff reported to defendant a probable opportunity to effect such exchange for land in Minnesota, being a quarter section in Stevens county of said state, owned by one Warner, who was a resident of Newton. Plaintiff further alleges that, upon making such report, defendant promised and agreed that he would pay plaintiff a commission of $200, should he succeed in effecting the exchange, and that, acting upon such authority and pursuant to such agreement, he did on or about March 1, 1900, effect such

exchange between defendant and Warner, whereby defendant became indebted to him in the sum of $200 and interest, which he refuses to pay. The defendant, answering the petition, denies the same, and especially denies that he ever agreed to pay plaintiff a commission of $200 for his alleged services.

Defendant admits, however, that he requested plaintiff to find a customer with whom plaintiff could arrange a satisfactory exchange, and admits that plaintiff was instrumental in bringing about an exchange for Minnesota land with the said Warner. Defendant further alleges that as an inducement to said exchange, he, plaintiff, represented that he was personally acquainted with the said Minnesota land; that it was reasonably worth $40 per acre, and could all be profitably farmed; that all of it was under cultivation except a field of ten acres which was seeded to timothy and clover; that the buildings on the land would cost $1,500 to construct, and were insured for $800, and that the farm had many other desirable improvements and features which need not be enumerated in this opinion. Defendant further alleges that he himself had never seen the land, but, believing and relying upon the statements made by the plaintiff, he assented to and made the said exchange. Defendant further alleges that in truth and in fact said land was at that time worth not to exceed $20 per acre, that about sixty acres of the same were infested by a growth of quack grass, a noxious weed or plant which it is practically impossible to eradicate from the soil; that from ten to fifteen acres thereof were a bed of sand wholly unfit for argicultural purposes; and that a pond of water covers another area of about three acres. In still other respects, which we shall not enumerate, it is alleged that said farm was not as represented by the plaintiff, all of which was unknown to the defendant, and, had he known the truth as to the real condition of the land, he would not have made the exchange. By reason of the foregoing he says the plaintiff was guilty of

fraud and deceit, and is therefore not entitled to demand compensation for his services. In another division of his answer defendant by way of counterclaim repleads the same matter, and asks to recover from plaintiff damages to the amount of $4,000. Plaintiff in reply takes issue upon the affirmative matters pleaded in the answer and counterclaim. It is further alleged in the reply that since the commencement of this action defendant has traded or sold the Minnesota land for $8,500, and that the Packwood property defendant exchanged for said land was not then worth to exceed $1,700. The defendant moved to strike the allegation as to an alleged sale of the Minnesota land as immaterial and irrelevant matter, which motion the court overruled, and error is assigned thereon. At the close of the testimony, the defendant moved for a directed verdict in his favor upon grounds hereinafter mentioned, but the motion was overruled. A verdict was returned for plaintiff for the full amount of his claim, and defendant's motion for new trial denied. Numerous exceptions on part of the appellant were preserved in the record, and error has been assigned upon each of the rulings objected to.

I. The evidence upon part of plaintiff was to the effect that at the time of the transaction in question he was indebted to the defendant upon a promissory note to the

1. BROKERS: recovery of commissions: remedy.

amount of about $600, and that, when solicited by defendant to negotiate an exchange of the property, he, plaintiff, stipulated that, in the ‘event he succeeded in effecting such exchange, he should expect a commission of $200, to be applied as a credit or payment on his note, and that defendant consented and agreed to the proposition so made. No other contract or agreement between the parties is testified to or claimed in evidence by the plaintiff. One of the grounds of defendant's motion for a directed verdict and for a new trial is that, upon plaintiff's own showing in this respect, he is not entitled to judgment against the defendant, because,

according to his theory of the facts and his testimony as a witness concerning the contract, the earning of the commission, if earned, operated as a payment to that extent upon his note held by the defendant, and no action can be maintained by him for its recovery. We see no way to escape the appellant's proposition upon this feature of the case. Assuming the contract to have been precisely what plaintiff says it was, and that he performed the services by which his commission of $200 was duly earned, it effectuated an immediate payment of that amount upon his note, a payment which he could not of his motion recall. The mere fact of defendant's failure to indorse the amount upon the note, if he did so fail, or that he attempted to deny the agreement, if he did so deny, would make it none the less a payment which could be pleaded and established as such in an action brought by defendant to enforce collection of the note. *Ross v. Crane,* 74 Iowa, 375; *Stanley v. Turner,* 68 Vt. 315 (35 Atl. 321).

Of course, if it were shown that defendant failed to make the proper indorsement, and negotiated the note before due to an innocent purchaser, thereby making plaintiff liable to such purchaser for the full amount undiminished by such payment, a cause of action for the damages so sustained would arise in plaintiff's favor, but no such state of facts is pleaded or proved. As it stands, stated in its most favorable aspect for the plaintiff, he shows that he undertook to perform certain service for the defendant at the agreed compensation of $200 to be applied as a payment on his note held by the latter, and that he did perform the service. In other words, he shows that he has paid $200 on a certain note held by the defendant, and there is neither claim nor evidence that the benefit of such payment has in any manner been lost to him. In response to this objection, counsel for appellee say, in substance, that he certainly had a right of action in some form for the recovery of his commission, and, if appellant had any objection to the form of action chosen

by the appellee, he could have had the defect remedied upon motion to transfer the cause to the proper docket, and that, failing so to do, he has waived the objection. In support of this position we are cited to Code, section 3432, and the numerous decisions, in which the provisions of that statute have been applied, but this contention evidences a misunderstanding of the situation. The objection made by the appellant is not that the action should have been brought in some other form, but that plaintiff's testimony fails to show a cause of action in any form, and this proposition counsel do not seem to meet. If appellee has earned $200 in services rendered for defendant under an agreement by which he was to have credit for that sum on his note, he does not need a right of action to protect him in the benefits of that transaction. He already has the benefit of his contract. His indebtedness has been reduced by that amount, and the law which permits him to plead and prove payment in defense to an action for the recovery of the debt evidenced by the note affords all the remedy required. The motion for a directed verdict for the defendant upon plaintiff's claim should have been sustained.

II. As we have seen, plaintiff was permitted over defendant's objection to plead by way of reply that defendant had "traded or sold" the Minnesota land for $8,500. The court in its charge to the jury also stated the issue thus raised. No evidence whatever was offered or introduced in support of the allegation except a statement made by one witness on cross-examination that he had taken the land from defendant in a trade and had himself traded it to still another person, no mention of the price being made in either case. The motion to strike this allegation from the reply should have been sustained. It was neither denial nor confession and avoidance of the matters pleaded in defense, nor was it in any manner available as an answer to the counterclaim. It is quite possible that in trying the legitimate issues of

2. SAME: pleadings: matters of evidence: motion to strike.

the case the fact if it be a fact that defendant had sold the land for a large price, would be admissible in evidence upon the question of its actual market value or upon the weight to be given to his testimony concerning such value, but allegations of evidence have no proper place in the pleadings. The statement of such matters in pleading and their repetition by the court in its statement of the issues to the jury, especially where there is an entire failure of evidence thereon, can not be otherwise than prejudical to the party against whom the allegations are made.

Numerous other points are presented and argued, but, as those already considered necessitate a reversal of the judgment below, we think it unnecessary to extend this opinion for their discussion. Several of the objections urged in argument are governed by the conclusions announced in the first and second divisions hereof, while others are likely to be avoided in the further progress of the cause.—*Reversed.*