Roy Gregory, Appellee, v. Oliver Sorensen, Appellant.

No. 39335.

May 7, 1929.

*Thomas H. Smith* and *Bennett Cullison,* for appellant.

*Ernest M. Miller,* for appellee.

Kindig, J.—The plaintiff-appellee was engaged in the business of operating a greenhouse in the city of Harlan. Both he and the defendant-appellant were residents of that city. On the night of April 8, 1924, someone broke and entered the greenhouse. When therein, said culprit, whoever he was, pulled up and cut flowers, plants, and bulbs, thereby destroying them. Appellant was accused by appellee of being the guilty party, and, on November 21, 1926, this action was commenced, to obtain compensation for the financial loss in the sum of $1,500 and punitive damages in the amount of $3,500. Upon that basis, the cause was submitted to a jury, which returned a verdict in appellee's

favor against the defendant in the sum of $4,905, allocated as follows: $1,405 compensatory and $3,500 punitive damages.

Several assignments of error are made, and many reasons given as to why there should be a new trial. Of these, however, we find it necessary to consider but one. It relates to the court's instruction concerning the burden of proof applicable to the so-called "alibi" defense. (As to whether or not an "alibi" defense will, in any event, apply to a civil case, we do not now decide.) In the case at bar, the appellee in his petition charged that the appellant committed the tort, and thus caused the damages aforesaid. By way of answer to appellee's pleading, appellant interposed a general denial only. He pleaded no special defense. Hence, the issue was a simple one, no broader than this: Did appellant break into the greenhouse and damage the property? Such was the charge made by appellee, and upon him rested the burden of proof. Appellee affirmed, while the appellant merely denied. During the trial, the appellant, as an explanation of his whereabouts at the time in question, testified that he was at home in Harlan,—not that he was so far away or in such circumstances that he could not be present at the greenhouse. Nevertheless, the court, in instructing the jury, gave it the following charge:

"The defendant *claims* [the italics are ours], and he has introduced testimony to show, that, at the time it is claimed the greenhouse was entered and the damages done therein, as set out in plaintiff's petition, he, the defendant, was at another and different place from where it is claimed the acts resulting in the damage took place. *The burden of establishing this defense is upon the defendant, and the evidence introduced to sustain said claim must outweigh the testimony offered by the plaintiff to show that the defendant was the person who entered the greenhouse at the time and place in question, and committed the damages as claimed by plaintiff.* [The italics are ours.] It will be sufficient to establish the defendant's claim if the evidence shows that, at the time plaintiff claims the damages took place, the defendant was at another and different place from the greenhouse in question."

As we have emphasized by the first italicized word, the trial court said the defendant "claims," etc. Where did he so claim?

Certainly not in his answer; that is to say, the appellant did not plead alibi as an affirmative defense. To reiterate, the appellant did not plead that he was "at a different place so remote or distant or under such circumstances that he could not have committed the offense." This court said, in a criminal case, *State v. Wagner*, 207 Iowa 224:

"Defendant contends that the defense of alibi was not raised, and we think in this his position is correct. We think the evidence introduced by him, showing his whereabouts on the evening in question was incidental to his denial that he was the perpetrator of the offense and was not offered for the purpose of showing, and did not show, that, by reason of his being elsewhere, it was impossible for him to have taken the chickens at the time and place charged. * * * (3) The defendant may meet the State's case by evidence merely controverting the State's evidence; and incidentally thereto, his evidence may tend to show that he was not present at the time and place charged in the State's evidence, but, as explanatory and corroborative, he was elsewhere. (4) He may go further, and attempt to prove affirmatively, not merely that he was not present, but that, by reason of extraneous facts, it was impossible that he could have been present; * * * Obviously, this instruction [the one given in the *Wagner* case] should not be given when the defendant is seeking to do no more than controvert merely by way of negation the evidence of the State. * * * If defendant's evidence is not directed to showing such impossibility, then he is not setting up an alibi. * * * The circumstances and conditions, the facts proved, to constitute an alibi, must have been such that he could not at the time thereof have been at the place of the commission of the offense, and therefore could not have been the perpetrator."

The *Wagner* case, of course, dealt with criminal law. There is confronting us now a civil controversy, and the rules of pleading and practice as applied thereto and distinguished from the criminal procedure must control. Even in the criminal practice, it is permissible for a defendant to show his whereabouts without claiming an alibi. Obviously, the same doctrine must be equally true in a civil controversy. Section 11109 of the 1924 Code provides:

"Pleadings are the written statements by the parties of their respective claims and defenses and are:

"1.   The petition of the plaintiff.

"2.   The * * * answer of the defendant. * * *"

Within the petition, under Section 11111 of the same Code, must be contained:

"* * * 3.   A statement of the facts constituting the plaintiff's cause of action. * * *".

While, according to Section 11114 thereof:

"The answer shall contain: * * *

"2.   A general denial of each allegation of the petition, * * *.

"4.   A statement of any new matter constituting a defense."

Consistently, and in completion of the foregoing provisions, Section 11426 declares:

"Issues arise in the pleadings where a fact * * * is maintained by one party and controverted by the other."

Consequently, as is suggested by Section 11427:

"An issue of fact arises:

"1.   Upon a material allegation of fact in the petition denied by the answer.

"2.   Upon material allegations of new matter in the answer, either denied by a reply or by operation of law. * * *"

Furthermore, the legislature, in Section 11181, saw fit to fix the amount of proof required on the issues, through this language:

"A party shall not be compelled to prove * * * more than sufficient to sustain his defense."

What was appellant's defense? Manifestly, a general denial, and not an affirmative defense. All that was fixed and determined by his answer. Resultantly, the issue in the case arose through the appellant's denial of the allegations contained in appellee's petition.   Alibi, as such, was not an issue, and

throughout the entire trial the burden was cast upon appellee to show, by a preponderance of the evidence, that the appellant caused the property destruction. Plainly, the appellant could remain silent, introduce no evidence, and rely upon the appellee's failure to prove the allegations of his petition. Moreover, if he desired, appellant had a right to testify, and produce other witnesses in his own behalf, in order to minimize the effect of appellee's evidence, so that it would not amount to a preponderance. Reason does not appear why appellant, in doing this, has not a right to show his whereabouts during the time in question, without thereby assuming the burden of proof in reference thereto; for the telling where he was on the occasion, under the circumstances of the facts and pleadings here presented, is no more than denying appellee's petition and negativing the evidence produced for substantiation thereof.

A further analysis of the court's instruction at this juncture will reveal the incorrectness thereof. Therein the trial court told the jury:

"The burden of establishing this defense [that the defendant was at a different place] is upon the defendant, and the evidence introduced to sustain said claim must outweigh the testimony offered by the plaintiff to show that the defendant was the person who entered the greenhouse at the time and place in question and committed the damages as claimed by plaintiff."

Clearly, that is wrong, because it was the appellee's duty to prove that the appellant was present, and did commit the offense. Due to appellant's general denial, he did not have the burden of showing that he was not present at the time and place in controversy. Rather than as stated by the court, in fact, the burden of establishing appellee's claim was upon him, and the evidence introduced to sustain it must outweigh that offered by the appellant, presented in explanation of his whereabouts.

Beyond a peradventure of a doubt, therefore, the appellant did not have a fair trial. The instruction was prejudicial to him, and gave too great an advantage to the appellee. Wherefore, the judgment of the district court should be, and hereby is, reversed. —*Reversed*.

ALBERT, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.