RALPH N. DEWEESE, Appellant, v. IOWA TRANSIT LINES et al., Appellees.

No. 42506.

SEPTEMBER 18, 1934.

REHEARING DENIED JANUARY 19, 1935.

Miller, Miller & Miller, and Paul W. Richards, for appellant.

Stipe, Davidson & Davidson, for appellees.

KINTZINGER, J.—The collision resulting in the injuries complained of occurred on highway No. 34 about two miles east of Glenwood, Iowa, about 8:30 p. m. May 7, 1932. It had rained the day before, making the dirt at the sides of the pavement muddy, but at the time of the collision the pavement itself was dry. Plaintiff was an employee of the Natural Gas Pipe Line Company; at the time of the collision he, with a number of fellow employees, was riding on the platform of an International truck belonging to the Natural Gas Pipe Line Company; plaintiff was back of the driver's seat, facing the rear of the truck. The truck upon which he was riding was traveling east. This truck was struck by a Chevrolet truck owned by the appellees, which at the time of the collision was being driven west by one Paul Taylor with the consent of appellees, the owners.

While other grounds of negligence were alleged, only two grounds were submitted to the jury: (1) that the defendants' truck at the time of the collision was being operated at an unlawful and excessive rate of speed; and (2) that it was wholly or partly upon the wrong side of the pavement; and the driver thereof failed to turn right to avoid colliding with the truck in which plaintiff was riding. Plaintiff's contention that the driver of defendants' truck was traveling at an excessively high rate of speed, and that it was on the wrong side of the road and was partly over the center black lines on the pavement, is supported by eight or nine witnesses. Plaintiff's contention that the truck in which he was riding was on the right or south side of the pavement, and was not traveling at a higher speed than from 10 to 25 miles an hour, is supported by the same witnesses.

On the other hand, appellees' contention that the speed of their truck was not exceeding the speed limit is supported by only one witness, the driver Taylor, who testified that he was traveling at a speed of from 25 to 27 miles an hour. Appellees' contention that their truck was on the right or north side of the road is supported by two witnesses; one being the driver of the truck and the other a man riding with him.

At the time of the collision, defendants' truck was heavily loaded with 38 cans of cream, weighing between 90 and 100 pounds each. As a result of the collision, the truck upon which plaintiff was riding sustained considerable damage. One of the left fenders was torn off. The bed of the truck was shifted back 2 inches; the

side of the cab was scratched and the door handle knocked clear off; the left end of the 2½ inch shaft on the winch was bent back 45 degrees. The whole left side of the defendants' truck was torn off and cream cans thrown onto the pavement and against fence posts on the side of the road. The force of the collision knocked the men on the International truck over, and knocked plaintiff on top of one of them. At that time plaintiff exclaimed of intense pain in the back. There were about nine men on the International truck. All of them felt the jar, heard the crash, and knew there was a collision. The two men in defendants' truck say they did not hear the crash, and did not know there was a collision until they had passed the other truck about a block and a half, when they looked back and discovered the whole side of their own truck was gone.

Plaintiff's witnesses testified that the speed of the International truck on which he was riding was from 10 to 25 miles an hour. The record shows that on account of some engine trouble it could not be driven at a greater speed. These witnesses also testify that at the time of the collision the defendants' truck was traveling at a speed of from 35 to 60 miles an hour. The driver of the defendants' truck was the only witness who testified on defendants' behalf as to the speed of their truck; and he said he was driving between 25 and 27 miles an hour.

The evidence on the part of plaintiff shows that as a result of the collision he suffered one or more fractures in the bones of his spinal column, and that he was seriously injured and permanently disabled, for which he claimed damage in the sum of $20,000. The jury returned a verdict in favor of defendants.

I. Appellant contends that the court erred in giving instruction No. 7, and especially that part relating to a legal excuse for failing to comply with the statutory requirements as to speed. This instruction includes the following:

"The statutes of this state provide that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard for the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, *and it shall be unlawful for the driver of a freight carrying vehicle to*

*drive the same at a speed exceeding thirty-five miles per hour.*

"It was the duty of said Paul Taylor \* \* \* at the time and place in question, to observe the foregoing statute and if he failed to do so, he is guilty of negligence, *unless he has shown a legal excuse, as the same is herein defined, for failure to do so.*

*"And if it appears from all the evidence to the satisfaction of the jury that said Paul Taylor had a legal excuse for failing to comply with said statute,* then he is absolved from complying therewith, *and in that event his failure to comply with it would not be negligence.* (Italics ours.)

"By the term legal excuse for failing to comply with said statute, as the same is herein used, is meant, First. Anything that would make it impossible to comply with said statute. Second. Anything over which the driver had no control which places his car in a position contrary to the provisions of the statute. Or, Third. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute."

The record in this case shows that the defendants' vehicle was a freight-carrying truck, heavily loaded with 38 large cans of cream. Under the instruction given, the driver of that truck was guilty of negligence if he failed to comply with the statutory rate of speed, unless he furnished a legal excuse therefor. Under our pronouncement in the case of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, we laid down the rule that:

"Where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when \* \* \* it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant *may offer proof excusing his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, then it is accurate to say that negligence is established as a matter of law."* (Italics ours.)

The complaint against the instruction given is that no proof of legal excuse was furnished or even offered. The collision occurred on a long, slow curve. Appellant's evidence tends to show that no other cars were on the curve at the time of the collision except the two in question. The evidence does show that defendants' truck met a car driven by one McNab on the straight road at the end of the curve about 500 feet from the place of the collision. After passing

that point, he heard a crash, whereupon he returned to the scene of the collision.

The driver of defendants' truck, however, testified that on approaching the curve he saw five sets of headlights coming all at one time. He does not locate their positions, however; he does not say how far apart they were; nor that they were all together. He says:

"I passed two of them that I know of before the collision with the other truck, the last one approximately 50 or 60 feet at most in front of the Gas Line Truck. I was then driving on the north or right hand side, well over to the outside edge of paving. It was quite dark. When I got approximately to this particular car, right on the curve, I took extraordinary precaution *to see I didn't get off into the mud,* and I got over as far as I thought it was safe to keep from getting into this mud. The other side of my car was a foot and a half inside the center line, to the right side. As to the other vehicle all I noticed was their left light, the one nearest me, seemed to me to be astraddle of the black line when I was fifteen feet from them. * * * I do not remember any shock of collision between the two trucks."

The man riding in defendants' truck with the driver said he *did not remember passing any cars before passing the truck.* This is the only evidence offered by the appellee relating to the conditions surrounding their driver just before and at the time of the collision. There is not one word of evidence tending to show that the lights on plaintiff's truck, or on any of the other cars referred to by Taylor, in any manner confused him, blinded him, distracted or diverted his attention, so as to prevent him from observing plaintiff's truck. He does not claim that he was in any manner prevented from seeing plaintiff's truck, nor does he attempt to excuse his failure to slacken the speed of his car, or his failure to be on the right side of the road because of the presence of lights on any approaching cars, or other circumstances. On the contrary, he expressly states that he saw plaintiff's truck, that he was not exceeding the speed limit, and that he was on the right side of the road. If he was exceeding the speed limit, or if he was on the wrong side of the road, the testimony given by him does not furnish evidence of any legal excuse therefor. He does not say that the effect of the on-coming lights made it impossible for him to see the truck or to determine its location. He says he passed two other trucks before

meeting the plaintiff's truck, and that the last one was 50 or 60 feet in front of plaintiff's truck. We fail to see that this testimony, in any manner, excuses his violation of the statutes if he did. Instruction No. 7 tells the jury that it was the duty of defendants' driver to observe the speed statute, and, "if he failed to do so, he is guilty of negligence". The rule is that, if a person violates the statute in relation to speed, he is guilty of negligence as a matter of law. But in such event he may offer proof excusing his failure to observe the requirements of the statute, but *"if * * * he fails to furnish proof of such legal excuse, then * * * negligence is established as a matter of law."* Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552. In order to authorize the jury to find that a person is excused from complying with the requirements of the statute, *he must furnish some evidence as a legal excuse therefor.* Such a legal excuse, as defined by us in the case of Kisling v. Thierman, supra, is:

"1. Anything that would make it impossible to comply with the statute or ordinance. 2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance. 3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute. 4. Where a statute specifically provides an excuse or exception."

The evidence offered by the defendants in this case does not meet any one of these requirements, and the defendants' driver does not claim that he was in any manner prevented from complying with the requirements of the statute, by any other facts or circumstances.

As an abstract proposition of law, the instruction of the court might be correct, if based on evidence to sustain it. But it is the settled law in this state that, even though an instruction does correctly state an abstract proposition of law, it should not be given unless there is evidence in the record to support it. Davis v. Hansen, 187 Iowa 583, 172 N. W. 1; Wrot Iron Heater Co. v. Sanders Furnace Co., 191 Iowa 413, 182 N. W. 401; Dunnegan & Briggs v. C., R. I. & P. R. Co., 202 Iowa 787, 211 N. W. 364; Anfenson v. Banks, 180 Iowa 1066, 163 N. W. 608, L. R. A. 1918D, 482; Morton v. Woods, 154 Iowa 728, 135 N. W. 400; Looney v. Parker, 210 Iowa 85, 230 N. W. 570; Kimmel v. Mitchell, 216 Iowa 366,

249 N. W. 151; Waldman v. Sanders Motor Co., 214 Iowa 1139, 243 N. W. 555; Klinkel v. Saddler, 211 Iowa 368, 233 N. W. 538; Balik v. Flacker, 212 Iowa 1381, 238 N. W. 467; Morse v. Incorporated Town of Castana, 213 Iowa 1225, 241 N. W. 304.

Under the instruction given, the jury was required to find the defendant guilty of negligence if they found that he was exceeding the speed limit, *unless he furnished evidence of a legal excuse therefor*. Therefore, if the jury found that the defendants' driver was violating the speed statute, then, if the driver furnished no reasonable excuse therefor, it would have been the jury's duty to find the defendant guilty of negligence. Under the instruction complained of, the jury was invited to consider something of which there was no evidence in the case at all. In Davis v. Hansen, supra, loc. cit. 587, we said:

"It is * * * error to instruct on a matter that has no basis in the pleadings, or on an issue not raised by the evidence. * * * The court gave the jury an opportunity to find for the defendant, not only if the plaintiff failed to prove defendant had done the act charged, but permitted a finding for defendant if the jury found something that defendant was not urging as a defense *and on which there was no evidence*. * * * The defendant was entitled to have the jury concentrate itself upon the only issue tendered, and * * * the court should not have invited the jury to consider something not in the case at all."

Likewise, in the case at bar, as no evidence of an excuse for the driver's failure to comply with the statute was furnished or offered, an instruction authorizing the jury to find that such an excuse existed was necessarily erroneous. Jarvis v. Stone, 216 Iowa 27, loc. cit. 33, 247 N. W. 393.

II. Similar complaint is made to instruction No. 8. This instruction says:

"The other ground of negligence complained of * * * is that * * * said * * * Taylor was not driving defendants' truck on the right side of the pavement, but partly or wholly upon the left * * * side, * * * and * * * failed to turn to the right for the purpose of avoiding the truck upon which plaintiff was riding. The statutes of this state also provide that persons in motor vehicles, meeting each other on the public highway, shall give one-half of the traveled way thereof by turning to the right.

"Said Taylor had the right to travel upon any portion of the highway in question, so long as he did not meet any one traveling the same; but, under the above statute (Code 1931, section 5020), it was his duty when meeting any one in a motor vehicle, to turn to the right and give one-half of the traveled portion of said highway, and a failure to do so would be presumptive evidence of negligence on his part; this presumption, however, is not conclusive, but may be rebutted and overcome by other facts and circumstances shown in the evidence. And if it appears from all the evidence to the satisfaction of the jury that said Paul Taylor could not reasonably comply with said statute, or that he had exercised such care as an ordinarily careful and prudent person would exercise when placed under the same or similar circumstances, then he is absolved from complying with said statute, and the presumption of negligence arising from his failure to comply therewith has been overcome."

Under this instruction a failure of the driver of defendants' car to give one-half of the roadway to the plaintiff's car would be presumptive evidence of negligence. The court tells the jury that this presumption may be rebutted, *"and if it appears from all the evidence * * * that Taylor could not reasonably comply with said statute, * * * then he is absolved from complying with said statute, and the presumption of negligence arising from his failure to comply therewith has been overcome."* (Italics ours.)

Under the law of the case, as given by this instruction, the presumption of negligence arising from the driver's failure to comply with the statute is not overcome *unless it appears from the evidence that Taylor could not reasonably comply with the statute.* There is nothing in the driver's evidence tending in any manner to show that he "could not reasonably comply with said statute", and he does not say there was. The giving of this instruction therefore invited the jury to consider evidence that was not in the case.

Instruction No. 8 is subject to the same objection made to instruction No. 7, and under it, if the jury found that the driver of defendants' car failed to give the plaintiff's car one-half of the road way by turning to the right, his failure so to do was presumptive evidence of negligence, unless it was overcome by evidence showing that he could not reasonably do so. The evidence offered does not show, or attempt to show, that the defendants' driver could not reasonably comply with the statute.

We believe the instructions complained of were sufficiently prejudicial to constitute error.

The judgment of the lower court is therefore hereby reversed.

MITCHELL, C. J., and CLAUSSEN, ANDERSON, and DONEGAN, JJ., concur.