SYLVIA RICH, Appellee, v. PETER M. HERNY, Appellant.

No. 43489.

OCTOBER 27, 1936.

466

Ralph N. Lynch and Cross & Hamill, for appellee.

Korf & Korf, and Putnam, Putnam, Fillmore & Putnam, for appellant.

DONEGAN, J.—The accident out of which this case arose happened on U. S. paved highway No. 63 (now No. 163), about one mile east of the city limits of the city of Des Moines, Iowa, on the 17th day of November, 1934, between five and six o'clock in the evening. The plaintiff was riding as a guest in a car owned and being driven westward by one McDermott, and defendant was driving his automobile eastward on said highway. Some distance east of the place where the accident occurred another car, also being driven westward by one Godfroy, passed the car in which the plaintiff was riding and was ahead of it at the time and place of the accident. Still another car, the description and owner of which are unknown, was proceeding eastward in front of the car owned and driven by the defendant. From a point a short distance east of where the accident occurred there is a descending grade westward toward an overhead railroad crossing which crosses the highway a short distance west of where the accident occurred. At the point east of the scene of the accident, where the grade begins to descend to the westward, there is a change in the grade and, from that point eastward, there is also a descending grade. It appears without dispute in the evidence that the Godfroy car, after it had passed the McDermott car in which plaintiff was riding, had gone over this high point where the grade changes, and was temporarily out of sight of the McDermott car. As this grade descends to the westward toward the overhead railroad crossing, there is an unpaved road leading from the south side of the paved road toward the southwest, and immediately east of this unpaved road there are two lanes extending southward from the paved highway toward farm houses which are situated on the south side of the paved road. Immediately east of the most easterly of these two lanes, and on the south side of the paved road, there are two mail

boxes belonging to persons living on the south side of the road. The evidence is that the collision between the McDermott car and the defendant's car occurred on the north side of the paved road just opposite or north of these mail boxes. The plaintiff's evidence shows that by measurement the distance between these two mail boxes and the west edge of the graveled road which leads to the southwest is 180 feet. As the car in which plaintiff was riding came over the brow of the hill from the eastward and began to descend the grade to the westward, the Godfroy car was ahead of it and was approaching or had already reached a point in the paved road north of and about opposite the entrance to the unpaved road leading from the south side of the pavement to the southwest. The evidence shows that when Godfroy had reached this point he turned his car toward the southwest for the purpose of entering this unpaved road, and that, in doing so, the Godfroy car came in contact with the left rear portion of the defendant's car, and the defendant's car then proceeded northeasterly across the north portion of the paved highway, and the right front portion of the defendant's car came into contact with the left front portion of the McDermott car, in which plaintiff was riding, and which was then partly upon the north shoulder of the paved road.

The grounds of negligence alleged in the petition and submitted to the jury are that defendant was driving his car with such a lack of control that he could not stop it within the assured clear distance ahead; that he failed to reduce the speed of his car to a reasonable and proper rate, or to have the same under control when meeting the car in which plaintiff was riding; that he failed to turn to the right and yield one half of the traveled way when meeting the car in which plaintiff was riding; and that he was driving at an excessive rate of speed under the circumstances existing at the time of the collision. The answer of the defendant admitted the occurrence of the accident, but denied generally all other allegations of the petition, and specifically denied that the accident was caused in any manner by reason of the fault or negligence of the defendant. Upon the trial of the case the jury returned a verdict in favor of the plaintiff, and judgment was entered thereon. A motion for new trial and exceptions to instructions, filed by the defendant, were overruled. From the judgment and rulings of the court, the defendant appeals.

I. In the alleged errors numbered 1 and 2 relied on by appellant for reversal it is claimed that the court erred in overruling defendant's motion for a directed verdict and in overruling his motion for a new trial, as to the grounds of said motions which asserted that there was no evidence from which the jury could properly find that the injuries sustained by the appellee were caused by any negligence on the part of appellant. It is contended by the appellant that there was no evidence that the defendant's car was at any time to the left or north of the middle of the paved highway until after it had been hit by the Godfroy car and thus thrown out of control; and that the loss of control by appellant of his car was due to the fact that the rear portion of his car was struck by the Godfroy car, and that this threw appellant's car around so that it was headed northeast and made it impossible for him to control it or prevent it from traveling across to the north portion of the highway and into collision with the McDermott car.

The appellee, on the other hand, contends that the facts shown by the evidence in this case make a clear question for the jury as to whether or not the collision and injuries to appellee were caused by the negligence of the appellant. Appellee calls attention to the evidence which she claims shows that, prior to the time that the Godfroy car struck the rear of the appellant's car, the appellant's car was to the left or north of the middle of the road; that at that time the appellant was driving his car at a speed of 50 miles per hour and at a distance of only 8 feet from the rear of the car which was preceding him; that the night was dark and misty, the visibility poor, and the pavement wet and slippery; that there were four cars on the highway in proximity to the place of the accident at the time it occurred; that after the contact between the Godfroy car and appellant's car the appellant's car traveled approximately 180 feet before hitting the McDermott car; that the appellant dropped his hands from the steering wheel and, in an attempt to step on the brake, he stepped on the accelerator.

■■■ We feel compelled to agree with the appellant that there is no evidence from which the jury could find that, prior to the time that the Godfroy car struck his car, the appellant was driving his car to the north or left of the middle of the paved road. Neither the appellee nor McDermott, the driver of the car in which she was riding, claimed to have seen the appel-

lant's car at the time or immediately before it was struck by the Godfroy car, and the only evidence upon which appellee seems to rely, to show that the appellant's car was to the north or left of the middle line of the pavement, is the statement of the defendant's witness, Schweiker, who was a passenger in the Godfroy car, that the contact between the cars took place either on or south of the black line, and the testimony of McDermott that, after the accident, the Godfroy car was standing with its front wheels exactly in the center of the pavement. We cannot agree with the theory that the testimony of the witness, Schweiker, that the contact between the Godfroy car and the appellant's car occurred either on or south of the black line, presents a state of facts under which the jury might be allowed to determine that the contact between these cars occurred on the middle line of the road. The statement made by the witness does not fix the position of the point of contact between appellant's car and the Godfroy car with any definiteness whatever. If the statement of the witness had been that the contact occurred to the north of or to the south of the middle line of the road, we think it would have furnished just as much of a basis, upon which the jury could determine the point where the contact occurred, as does the testimony actually given by him. Nor does the fact that McDermott testified that, after the accident, the wheels of the Godfroy car were actually on the middle of the pavement present a situation under which the jury could determine that, when the contact occurred, the defendant's car must have been on the wrong side of the road. If the bottom portion of the wheel or wheels which was in actual contact with the pavement was actually on the middle of the pavement, then it is obvious that at least the front portion of such wheel or wheels must have been south of the center of the pavement. For all that appears in the evidence, there may have been at least some portion of the Godfroy car which projected ahead of the front wheels, and which might have made contact with the defendant's car while the latter was still on the south half of the pavement, and there is no evidence to show that the point where the Godfroy car was standing after its contact with the defendant's car was the point where the contact occurred, or that the Godfroy car might not have been driven to the northward by the impact of the collision.

We also feel compelled to agree with the appellant that there is no evidence of any causal connection between the other

grounds of negligence alleged and relied upon by appellee and the collision of appellant's car with the car in which appellee was riding. Assuming that the proximity of the defendant's car to the car ahead of him might be considered negligence, at the speed that he was driving, the defendant's car was traveling on his right half of the road, its course was not changed because it came in contact with or in an attempt to avoid coming in contact with the car ahead of it, and the distance between these cars, so far as we can see, had nothing whatever to do with causing the accident. Assuming also that the appellant's car was traveling at the rate of 50 miles per hour; that the pavement was wet and slippery; that it was misting and that the visibility was bad; that there were two cars approaching from the east, the Godfroy car and the McDermott car, and two cars approaching from the west, the appellant's car and the car which preceded it; the fact remains that, so far as the evidence shows, the appellant was on the south half of the pavement, and that the change in his course, which took his car off of the south half of the pavement and across the north half to where it came in collision with the car in which appellee was riding, was not caused by any voluntary act on his part, but was caused by the Godfroy car running into appellant's car and causing appellant to momentarily lose control thereof. That there is evidence tending to show that after the collision of the Godfroy car with appellant's car the appellant dropped his hands from the steering wheel and, in trying to step upon the brake stepped upon the accelerator instead, does not, in our opinion, present a state of facts from which the jury should be allowed to find that he was negligent. The collision of the Godfroy car with appellant's car, under the evidence in this case, was without any negligence on the part of the appellant. The appellant was under no duty to anticipate that Godfroy would drive his car onto appellant's half of the pavement and into his car while he was on his own side of the road. On the contrary, he had the right to assume that Godfroy would obey the law and remain on the north half of the road. Even if appellant dropped his hands from the wheel and by mistake stepped on the accelerator instead of on the brake, the suddenness of the collision and the emergency presented were such that it cannot be said that an ordinarily prudent person would not have acted in the same manner under the same circumstances. Under the evidence shown by the record, we think

the court erred in not sustaining appellant's motion for a directed verdict.

■■■ II. In its instruction No. 18, after explaining the defendant's theory that the proximate cause of the collision was the negligent act of Godfroy in turning his car into the defendant's car, the court told the jury that it should determine whether the driver of the Godfroy car was negligent, and, if he was negligent, whether his negligence was the sole and proximate cause of the collision. In instruction No. 20 the court instructed the jury in regard to the statute which provides that the operator of a motor vehicle shall, before stopping, turning or changing the course of said vehicle, first see that there is sufficient space to make such movement in safety. And, in instruction No. 22 the court further told the jury that, if they found that the collision between Herny's car and Godfroy's car was caused solely by the negligence of Godfroy, that through this collision between Herny and Godfroy, and as a direct result thereof, the defendant lost control and collided with the car in which plaintiff was riding, its verdict should be for the defendant. Appellant complains of these instructions because they leave to the jury the determination of whether or not Godfroy was negligent, instead of the single question as to whether his negligence was the sole cause of the collision with the McDermott car and injuries to plaintiff. It is the contention of the appellant that, under the facts and circumstances of this case, there was no evidence under which it could be found that Godfroy was not negligent. We feel constrained to agree with appellant in this contention. There is no dispute in the evidence that Godfroy had started to turn his car to the left for the purpose of entering the graveled road that led southwesterly from the south side of the pavement. There was no evidence from which the jury could have found that the appellant's car was not upon the south half of the paved highway, when Godfroy drove into it. Even if the jury could find that the appellant was driving at fifty miles per hour and was following within eight feet of the car ahead of him, the evidence is undisputed that his lights were on, and, if Godfroy had kept a proper lookout and had observed the requirement of the statute that, before turning or changing the course of his car, he should first see that there was sufficient space to make such movement in safety, he would have seen the appellant's car and would not have collided with it.

Under the evidence of this case, Godfroy violated the statute by turning his car into the appellant's car without any excuse which would relieve him from negligence in so doing.

In submitting the question of Godfroy's negligence to the jury, therefore, we think the court erred and that such error was prejudicial. Northwest Securities Company v. Schneckloth, 199 Iowa 545, 202 N. W. 97; Thompson v. Thompson, 171 Iowa 583, 153 N. W. 196; Loving v. Atlantic Southern Railroad Co., 184 Iowa 435, 168 N. W. 910; Garvik v. Burlington, C. R. & N. R. Co., 124 Iowa 691, 100 N. W. 498; Williams v. Iowa Central R. Co., 121 Iowa 270, 96 N. W. 774. Under the instructions given the jury was at liberty to find that Godfroy was not negligent in colliding with defendant's car, and the defendant alone would be left to explain why, without the fault of Godfroy, he had changed his course and crashed into the McDermott car on the opposite side of the road.

 III. In its instruction No. 14 the court told the jury that, "The failure of the operator of a motor vehicle to yield one-half of the traveled way by turning to the right, if he may do so in safety, when another vehicle is approaching from the opposite direction, would be prima facie evidence of negligence *unless such operator has by a preponderance of the evidence, shown a legal excuse for his failure to observe said provisions of the law,* if he did so fail." (Italics are ours.) The appellant contends that, in giving that portion of the instruction which we have italicized, the court committed prejudicial error, because, it is claimed, this instruction placed upon the appellant the burden of proof of a legal excuse, and thereby the burden to negative his own negligence, and it thus changes the burden of proof upon a basic issue in the case from the plaintiff to the defendant. In support of this contention the appellant cites McKeever v. Batcheler, 219 Iowa 93, 257 N. W. 567; Hoover v. Insurance Company, 218 Iowa 559, 255 N. W. 705; Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Gregory v. Sorensen, 208 Iowa 174, 225 N. W. 342. The appellee, on the other hand, contends that the instruction does not change the burden of proof from the plaintiff to the defendant, but that it merely tells the jury that, the plaintiff having shown that the defendant failed to observe the statute by yielding one-half of the traveled portion of the highway, the burden of the evidence then shifted to the appellant to show an excuse for such violation, and in support

of her contention appellee cites Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Lukin v. Marvel, 219 Iowa 773, 259 N. W. 782; Hobbs v. Traut, 218 Iowa 1265, 257 N. W. 320; Babendure v. Baker et al., 218 Iowa 31, 253 N. W. 834.

It must be conceded that there is apparent conflict between the language used in some of the cases cited by appellant and that used in some of the cases cited by appellee. There is no question that, on the issues as made by the pleadings, the burden of proof was on the plaintiff, and that it remained on the plaintiff throughout the trial of the case. The plaintiff having established a violation of the statute by the defendant made a prima' facie case, and, in the absence of any evidence showing an excuse for such violation, the plaintiff was under no obligation to proceed further. If there was no evidence introduced tending to show an excuse for the violation of the statute, the evidence of the plaintiff, being uncontradicted, would be sufficient to sustain the burden imposed upon him. In such a situation it would then be incumbent upon the defendant to show an excuse for such violation of the statute. The burden of proof, however, remains upon the plaintiff throughout the whole trial, and this means that the burden is upon the plaintiff to prove by a preponderance of all the evidence, including the evidence in regard to excuse, that the defendant was guilty of the negligence alleged.

In the case at bar, as in McKeever v. Batcheler, 219 Iowa 93, 257 N. W. 567, the excuse offered by defendant was not plead affirmatively, but was introduced under a general denial which left upon the plaintiff the burden of proof throughout the trial. In that case we held that an instruction of the court, which placed upon the defendant the burden of proving the existence of an emergency, constituted reversible error. We have been cited by appellee to no case which specifically approves an instruction placing the burden of proving an excuse upon the defendant by the preponderance of the evidence.

■■■ IV. Appellant finally complains that the court erred in its instruction No. 10 wherein, after quoting the statutory provision that ''no person shall drive any vehicle upon a highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead'', proceeded to tell the jury that a violation of this statute would be negligence, but failed to instruct the jury that a legal excuse might be shown for

474

such violation. That a violation of a statute in a particular case may not be negligence, because an excuse is shown for such violation, is amply sustained by the cases cited by appellant. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Schuster v. Gillispie, 217 Iowa 386, 251 N. W. 735; Holub v. Fitzgerald, 214 Iowa 857, 243 N. W. 575; Engle v. Nelson, 220 Iowa 771, 263 N. W. 505. Appellee contends, however, that no instruction in regard to excuse was required in this case, because no evidence of excuse was presented. Deweese v. Iowa Transit Lines, 218 Iowa 1327, 256 N. W. 428; Engle v. Nelson, 220 Iowa 771, 263 N. W. 505. To the writer of this opinion, and to several other members of the court, it seems very doubtful whether, under the facts shown by the record, the statute which makes a driver negligent, if he drives a vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, has any application whatever in this case. One of the grounds of negligence plead by the plaintiff, however, was the violation of the duty imposed by this statute, and the defendant has introduced evidence which he contends excuses him for any such violation and relieves him of negligence in connection therewith. In such a situation, having instructed in regard to the violation of the duty imposed by the statute, and, there being evidence in the record which the defendant claims furnished an excuse for such violation, we think the court was in error in failing to instruct upon the effect of the evidence which appellant claims constituted such excuse.

Other errors are alleged, but, in view of the fact that they probably will not occur upon a retrial of the case, we deem it unnecessary to prolong this opinion by a discussion of them.

For the reasons given, the judgment of the trial court is hereby reversed.—Reversed.

PARSONS, C. J., and ALBERT, KINTZINGER, and RICHARDS, JJ., concur.