AVERY JAKEWAY, Appellee, v. JOHN H. ALLEN, Appellant.

No. 45087.

1184

MARCH 5, 1940.

REHEARING DENIED MAY 11, 1940.

J. W. Kridelbaugh and McMartin, Herrick, Sloan & Langdon, for appellant.

G. C. Stuart and A. V. Hass, for appellee.

HALE, J.—This case has been before this court on a former appeal. See Jakeway v. Allen, 226 Iowa 13, 282 N. W. 374. The facts as given in that opinion are much the same as were developed by the testimony in the retrial of the case, with some differences that are hereafter referred to, so that we do not consider it necessary to restate the facts.

Trial to a jury and verdict for plaintiff and judgment thereon. Defendant appeals.

■ The assignments of error in this case are mainly objections to the instructions. The defendant objects to instruction No. 10, together with instruction No. 9. In the latter the court stated that it was the duty of the defendant in approaching the meeting with the plaintiff to yield one half the traveled portion of the highway by turning to the right. The court then directed that if the jury found by the greater weight or preponderance of the evidence that the defendant, in approaching and meeting the plaintiff, was driving on the left-hand side of the highway and failed to yield one half the traveled portion by turning to the right, it would constitute prima facie evidence of negligence, and in the absence of evidence that the defendant was in the exercise of reasonable and ordinary care the jury should find the defendant guilty of negligence in this respect.

Instruction No. 10 defines prima facie evidence of negligence and states that violation of the above law of the road would be presumptive evidence of negligence, and would warrant a finding that the offending driver or operator was guilty of negligence, unless it was shown by the greater weight or preponderance of the evidence that under the circumstances such offending operator was justified and in the exercise of ordinary and reasonable care. Defendant cites Rich v. Herny, 222 Iowa 465, 269 N. W. 489; McKeever v. Batcheler, 219 Iowa 93, 257 N. W. 567; Hoover v. First Am. F. Ins. Co., 218 Iowa 559, 255 N. W. 705; and Gregory v. Sorensen, 208 Iowa 174, 225 N. W. 342. In these cases burden of proof was placed on defendant and was expressly required to be established by the defendant by a preponderance of the evidence. Instruction No. 10 does not go to that extent, but might be open to that construction. We think the use of the words "the greater weight or preponderance of the evidence" is not to be approved. But under the particular facts, there being no evidence of justification or any such issue, nor any attempt to show that the violation charged was not negligence, the instruction would not, in our opinion, in this case be prejudicial. See Stutzman v. Younkerman, 204 Iowa 1162, 216 N. W. 627; Lukin v. Marvel, 219 Iowa 773, 259 N. W. 782; Vanderbeek v. Chicago & N. W. Ry. Co., 226 Iowa 1363, 286 N. W. 452; Deweese v. Iowa Transit Lines, 218 Iowa 1327, 256 N. W. 428; McDougal v. Bormann, 211 Iowa 950, 954, 234 N. W. 807, 809.

Defendant objects to instructions No. 9 and No. 17 as given, insisting that they lay down a different rule for plaintiff and defendant in regard to the rule as to prima facie evidence of negligence. Part of instruction No. 9 has been referred to heretofore. In the latter part of the instruction the jury were told that if they did not find "that defendant was driving on the wrong side of the road, or that he failed to yield one half of the traveled portion of the highway by turning to the right on meeting the plaintiff, * * * or if you find that in driving where he was the defendant was in the exercise of reasonable and ordinary care under the circumstances, then he was not guilty of negligence in such respect." Reading the whole of instruction No. 9, we think the jury were told with sufficient clearness that before recovery could be had on this ground they must

find that the violation of the law of the road was not in the exercise of reasonable and ordinary care.

In instruction No. 17, which refers to the duty of the plaintiff, the jury were also informed that such failure would constitute prima facie evidence of negligence on his part unless he established by the evidence that he was in the exercise of ordinary care and caution, such as an ordinarily careful and prudent person would exercise under the circumstances. The burden so to show, of course, was properly laid upon him. We do not think that the instructions, read as a whole, though not expressed in the same manner, lay down any different rule for one party than for the other.

The court's instruction on the duty of a driver when confronted with an emergency was in that part of the instructions relating to contributory negligence. Complaint is made that the excuse of emergency is not gauged by the driver's own judgment or impulse. We do not think the instruction so states. The jury were plainly told that the emergency rule would apply in a case "where it reasonably seemed to him (plaintiff), acting as an ordinarily careful and prudent person would act under like circumstances, that he could not safely turn to the right," and throughout the instruction the jury were told that the plaintiff must act as an ordinarily careful and prudent person would act under the circumstances as they appeared to him as a reasonably prudent man. Reading the instruction as an entirety it is not open to the objection urged. Nor does it take away from the jury the question, but leaves for them to determine the question of his negligence under the circumstances, and the question of whether or not he did so act as a reasonably careful and prudent person; and correctly informed them that, if he was confronted by an emergency and he acted as such reasonably careful and prudent person, it would not be negligence, or, in the case of the plaintiff, contributory negligence.

The defendant assigns error in the giving of a part of instruction No. 6, which defines contributory negligence as negligence which contributes to cause the injury. The instruction, however, does not assume to give the rule in regard to the effect of contributory negligence, but such rule is found in instruction No. 13, where the jury were directed that before the plaintiff could recover he must establish by the greater weight

or preponderance of the evidence that he himself was not guilty of any negligence that in any degree contributed to cause the collision. Nor do we see any reason to think that these different instructions of the court in relation to contributory negligence had the effect of telling the jury that the plaintiff's negligence must be a proximate cause before it could prevent recovery. We see nothing in the language that could be so construed. The instructions on contributory negligence were to the same effect as the form that has so often been recommended by this court—that the jury should be told that contributory negligence to defeat recovery must be such as would contribute in some manner or in some degree. It is true that such negligence must be causal. In Swan v. Dailey-Luce Auto Co., 221 Iowa 842, 847, 265 N. W. 143, 146, the jury were instructed that contributory negligence must be such as would help to produce the injury before it would prevent recovery. The court there states, after stating the rule of law that the instructions must be considered as a whole:

"While these instructions may not be considered model definitions of contributory negligence, we are constrained to hold that, when considered together and in connection with instruction No. 5 [defining negligence], they sufficiently advised the jury as to the meaning of contributory negligence, and are therefore not sufficiently prejudicial to constitute error."

And in Smithson v. Mommsen, 224 Iowa 307, 276 N. W. 47, an instruction telling the jury that contributory negligence was such as became in any manner the cause of plaintiff's injury was approved by this court. We think there can be no complaint of such instructions.

Defendant insists that plaintiff, as a matter of law, is shown to be guilty of contributory negligence—for one reason, that the evidence shows that he did not at any time sound a horn and that such failure was a violation of Code section 5043, providing that an adequate signaling device shall in all cases be sounded when approaching tops of hills in the country where the operator's view is obstructed. But both the car and the motorcycle were in plain view of each operator for more than 200 feet, and when there was no apparent danger of any collision. From the evidence it does not appear—but rather it appears to the contrary—that such failure to sound a horn

could contribute in any manner, under the circumstances, to the collision. Plaintiff insists that this question was determined in the former appeal and constitutes the law of the case, but regardless of this, we are inclined to think that there is no merit in defendant's contention.

 Defendant assails the instruction as to damages for the reason that the instruction does not specify that such damages should be the direct result of defendant's negligence. However, the instruction specifies that the damages should be such as were rendered necessary by the injuries as disclosed by the evidence and which the evidence shows that the plaintiff has sustained and endured. We think the language plainly shows, and the jury could not misunderstand, that only such damages could be allowed as were caused by and the direct result of the injuries sustained because of defendant's negligence. Other instructions also limited the damages to such as were the result of the collision. See Winter v. Davis, 217 Iowa 424, 251 N. W. 770, and cases cited therein.

 Objection is also made to the amount of recovery as indicating passion and prejudice. The amount of the recovery was properly within the province of the jury to determine, and we see nothing in the allowance, considering the injuries sustained, that would indicate any such passion and prejudice. In the first trial of the cause the allowance was $7,500; the jury in the second trial awarded $10,000. The second trial occurred a considerable time after the first, when presumably the extent of the injuries could be more accurately determined than at the time of the first hearing. . At any rate, the verdict is not so great as to appear excessive, considering the extent of the injuries.

 Nor do we see that the allowance of board and lodging in the hospital is not properly recoverable when . these items are, as in this case, inseparably tied up with the treatment. Vedder v. Delaney, 122 Iowa 583, 98 N. W. 373; Sutton v. Moreland, 214 Iowa 337, 242 N. W. 75, cited by the defendant, we do not think support defendant's contention.

We have given careful examination to the instructions above mentioned and do not think that the defendant has been prejudiced by their submission.

 We are convinced, however, that as to two questions

raised by the defendant there is considerable more doubt. Objection is made to the statement of the case in the language of the pleadings. This practice has been frequently condemned by this court except in cases where the pleadings concisely and clearly state the substance of the controversy; but on an examination of the statement of the issues in this case, which need not be set out at length, we believe that it is open to the objection raised by the defendant. There is some repetition, and some matters are set out which we do not think are consistent with the evidence. We need do no more than call attention to this matter, which we think comes within our previous condemnation.

The specifications of negligence submitted to the jury were three in number:

"(1) That defendant operated his car on the left-hand side of the highway at a time when he was meeting the motorcycle of the plaintiff, and in failing to turn to the right and yield one half of the traveled portion of the highway. (2) That defendant drove his automobile at and prior to the time and place of the collision on the left-hand side of the paved highway with the left rear door of his said automobile open. (3) That the defendant while operating his automobile with the left rear door open thereon failed to yield to the plaintiff one half of the traveled portion of the highway."

No objection is made to the first specification, so far as the wording is concerned. The second, referring to the door being open, is assailed, and we think with cause. In the trial of this case the plaintiff did not testify, as in the preceding trial, that the left rear door was open, nor was there any evidence that at the time of the collision the door was in that position. There was evidence, of course, by the driver of the car, and his grandson who saw the collision, that the door was closed. Evidence was offered on behalf of the plaintiff, and one witness testified that after the collision he himself opened the door. The danger in submitting these specifications was that the plaintiff himself testified that he struck the door, but did not indicate in any way that it was open at the time. Three witnesses who arrived three or four minutes after the collision testified that on their arrival the door was open—one stating that such was the fact if he "remembered right," and the other

stating that he believed it was open. The question of whether the door was open or shut would have an important effect upon the cause of the collision and its results. The rule is so well established that the submission of a ground of negligence not supported by the evidence is erroneous that the citation of authorities is hardly necessary. However, see Isaacs v. Bruce, 218 Iowa 759, 762, 254 N. W. 57, 58, and cases cited therein; Porter v. Decker, 222 Iowa 1109, 270 N. W. 897. It could not be held that this was merely a submission of the failure to yield the right of way. That was stated as the first specification of negligence. The charge that the door was open was in addition, and a different form of negligence, and we think should not have been given.

Plaintiff insists, however, that circumstantial evidence is such that a legitimate inference could be drawn that the door was open at the time of the collision. We do not think that the circumstances given in the testimony were such as to exclude other inferences, and this is the rule in civil, as well as in criminal, cases. In Asbach v. Chicago, B. & Q. Ry. Co., 74 Iowa 248, 250, 37 N. W. 182, 183, the court held:

"A theory cannot be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them. It is not sufficient that they be consistent, merely, with that theory, for that may be true, and yet they may have no tendency to prove the theory."

Such has been the holding of this court in many other cases, one of the more recent being Comparet v. Metz Co., 222 Iowa 1328, 1333, 271 N. W. 847, 849, where it is held (citing a long line of authority) that there can be no recovery upon circumstantial evidence alone unless the circumstances are so clear that they are inconsistent with any other theory than that of the defendant's liability. It is not the fact that the plaintiff himself did not testify on this trial, but the fact that no one testified that the door was open prior to and at the time of the collision, and that the only testimony as to the door being open came from witnesses who did not see it open until some time after the accident occurred. We think the statement of the issues, in view of the evidence in the trial of the case, was

reversible error; and considering the testimony in the light most favorable to the plaintiff, there was not evidence which would properly sustain the submission of these issues under the rules above mentioned.

Plaintiff argues that the verdict in this cause should not be disturbed since the jury has passed upon the sole question of fact. We are compelled to hold, however, that under the issues submitted the jury has passed upon other facts which should not properly have been submitted. Plaintiff further insists that on a second appeal of the case and after a second adverse verdict and judgment there should be such error as to show an absolute failure of justice. This court cannot determine this question when it is apparent that there are errors which might have affected the verdict. It is regrettable, of course, that there should be prolonged litigation in any case, but we do not see our way clear to overlook errors of importance in the trial of the case.

It therefore seems to us that, for the errors pointed out, the cause must be, and it is, reversed.—Reversed.

HAMILTON, C. J., and SAGER, STIGER, RICHARDS, and MILLER, JJ., concur.