CHARLES C. PINTA, Appellee, v. PATRICK H. JOYCE et al.,
Trustees, Appellants.

No. 45656.

344

Rehearing Denied March 20, 1942.

Senneff & Senneff, for appellee.

Carr, Cox, Evans & Riley, Ehlers English, and Blythe, Markley, Rule, Dibble & Cerney, for appellants.

Mitchell, J.—Charles C. Pinta was employed by one Clement Schurer who had the contract with the American Beet Sugar Company at Mason City, Iowa, for unloading beets as they were delivered at the yard plant in gondola cars. He was known as a clean-up man of the car. The loaded cars were brought into the plant by the Great Western switch engine through the entrance in the east end, taken around the north side of the yard past the plant buildings out to a spur or tail track at the west end of the yard and from there shoved eastward and spotted on the unloading tracks. The beets were unloaded to the ground between the unloading tracks by Schurer's employes. This was done principally by a dragline, crane or clamshell, which consisted of a large scoop or bucket with two jaws that would come down and close over the beets. Pinta's job as car cleaner was to shovel the loose beets forward behind the clamshell and to clean up the car after the clamshell had taken out all the beets it could. A caterpillar tractor was used by the contractor to bring the loaded cars down from where they had been spotted by the railroad to the place where they were to be unloaded and to move the car as it was being unloaded into position so that the beets could be reached by the clamshell.

Pinta in his work as car cleaner used a fork about the size of a scoop shovel. He had to lift up a scoop full of beets over the side of the car and throw it on the pile of beets on the ground. The sides of the car. were about 4½ or 5 feet high.

They came about to his shoulders, he being 5 feet 11 inches tall. Whenever he wanted the car moved, he would signal the caterpillar and the operator of same would move the car as directed.

On the 24th of October 1939 at about the hour of 5:40 while Pinta was engaged in his work shoveling beets out of a car, something hit the car with a terrific smash and knocked him over against the braces, injuring him. He filed suit against the Trustees of the Chicago Great Western Railroad Company alleging that while he was engaged in work in the gondola car, which was standing on the southerly sidetrack or industry track south of the American Beet Sugar plant, the railroad company switched a number of boxcars or pushed the same on the track upon which the car was in which he was working and without any warning or signal of any kind, advising him of the approach of said cars, the cars were negligently pushed into the gondola car in which he was working with a terrific and violent bump. That he was violently thrown into the braces on the inside of the gondola car and as a result, severely injured.

The Trustees filed answer in the form of a general denial. There was a trial and at the close of the plaintiff's evidence and again at the close of all of the evidence, the defendants made a motion for a directed verdict, which was overruled by the court. The case was submitted to the jury which returned a verdict in favor of the plaintiff. The defendants, being dissatisfied, have appealed.

This case is presented for review solely as to the alleged error committed by the trial court in refusing to direct a verdict at the close of the appellee's evidence and in denying a motion for directed verdict at the close of all the evidence. The sole question for consideration therefore is the propriety of the trial court's ruling which denied the appellant's motion for a directed verdict. It is first argued that the verdict in this case is based upon surmise, speculation and conjecture and should not be allowed to stand. In a very able and elaborate brief the appellant calls to our attention the various cases in which this court has held that the burden is on the appellee to show the cause of the accident and that same cannot be left to speculation or conjecture. See Beck v. Chicago, B. & Q. R. R. Co., 214 Iowa 628, 243 N. W. 154; Reimer v. Musel, 217 Iowa 377, 251

N. W. 863; Westenburg v. Johnson, 221 Iowa 134, 264 N. W. 18; Jakeway v. Allen, 227 Iowa 1182, 290 N. W. 507.

We have no fault to find with any of the cases cited but under the state of facts which confronts us here, they are not applicable. We of course must look at this record from the most favorable standpoint of the appellee. There is evidence from which the jury could have found that Pinta was at work in this gondola car, that he was engaged in scooping beets out of the bottom of the same, that he was using in his work a scoop shovel or scoop fork. That without any warning the car in which he was working was crashed into by other cars, that he was thrown against the side of the gondola car, that he was severely injured, that he was immediately thereafter taken to the hospital for medical attention which was given his injuries. But the appellants argue that the evidence does not show that there was a Great Western engine that was pushing this string of cars that bumped into the gondola car in which Pinta was working. It is true the appellee testified he did not see the engine on the string of cars at the time it bumped into him but within a few minutes thereafter he was removed from the car and placed in an automobile. He said at that time he saw a long string of cars from the car in which he had been working up to a switch engine and that the engine at the head of the string of cars was operated by the Great Western Railroad. This testimony was within a few minutes after the accident happened. The string of freight cars that had bumped into the car in which Pinta was working was still there. And that at the end of the cars was a Great Western engine. This in itself it seems to us would be sufficient to submit the case to the jury, but there is additional evidence. The man who took Pinta to the hospital in the automobile said that they could not cross the track due to the fact that it was blocked by a string of cars and an engine. There is direct and definite evidence that the caterpillar which was used other than switch engines to move the cars was not near this car at the time the accident happened. There is also evidence of a Mr. Sheehan, who operated the caterpillar, that he saw, within a few minutes after Pinta was taken away, a string of cars with a Great Western switch engine at-

tached to them. Clearly in the face of this evidence, it was a question for the jury.

It is next argued that the testimony of the appellee is so conflicting with physical laws and facts that it is unworthy of belief and should not have been submitted to the jury and the verdict and judgment must therefore be set aside. With this we cannot agree. It is the contention of the appellants that since Pinta testified that he was facing west and that some blow or force was applied to the west end of the car, he would necessarily have fallen or been thrown to the west instead of the east. His evidence was that he was thrown backwards to the east and according to the appellants, this conflicts with the natural physical laws and therefore is unbelievable. With this we cannot agree. He had in his hands a scoop shovel. He was scooping beets out of the bottom of a car and it was necessary for him to throw them over the side of the car 4½ to 5 feet in height. Just where the scoop was, in what position it was in at the time this accident happened, appellee of course did not know. He was not expecting that the car in which he was working would be crashed into without any warning of any kind and just exactly the manner in which he fell or was thrown, he of course did not know and could not be expected to know. Peculiar things happen in accidents. They are indeed difficult to explain. It is considerably easier sitting in the quiet of an office to figure just what should have happened in an accident of this kind than to be in a gondola car and have it crashed into without any warning and then testify to what happened. Clearly this was a case for the jury. No complaint is made in regard to the manner in which it was submitted and it necessarily follows that this case must be, and it is, affirmed.— Affirmed.

MILLER, C. J., and HALE, OLIVER, STIGER, WENNERSTRUM, and GARFIELD, JJ., concur.

BLISS, J., takes no part.